EPAPHRAS L. BARBER et al., Appellants, *v.* MARSHALL O. TERRY et al., Individually and as Executors of TOOTIE M. TERRY, Deceased, et al., Appellants and Respondents, and MAMARONECK FREE KINDERGARTEN ASSOCIATION, Respondent, Impleaded with Others.

Real property — conversion of real estate into personalty — power of allotment in executors — when failure of devise precludes conversion of real estate — when devise of real estate invalid because testatrix gave more than half of her estate to charitable institutions, her heirs may have partition of the real estate not carried by the devise.

1. Where the conversion of real estate into personalty is an incident to the devise and for the purpose of making it conveniently workable,

then, as to so much of the estate as the devise fails to dispose of, because in violation of law, the conversion also fails. No distinction can be drawn in this regard between the right to sell and the right to distribute in kind.

2. Where a testatrix, who left her surviving her husband and several heirs at law, gave more than one-half of her estate, most of which was personalty, to benevolent and charitable institutions, and her residuary estate, which included real estate, was given to a " Home " for aged and destitute men and women, the devise to the " Home " is valid to the extent of one-half and invalid as to the other half (Decedent Estate Law, Cons. L. ch. 13, § 17), and immediately upon her death the title of one-half of such real estate devolved to the devisee, and the other half, by the failure of the devise therefor, passed to the heirs at law of testatrix, who own it as tenants in common, and they may maintain an action for the partition of such real estate.

3. The fact that testatrix authorized her executors " to retain the property, whether real or personal, constituting my real estate * * * at their discretion to distribute the same in kind to the persons who shall become entitled to any part thereof under the provisions of this my will " does not render the title of her heirs at law defeasible and make an action for partition premature.

*Barber* v. *Terry*, 173 App. Div. 469, reversed.

(Argued October 8, 1918; decided October 29, 1918.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered September 26, 1916, modifying and affirming as modified a judgment of Special Term dismissing the complaint in an action for partition and to set aside a devise of real property.

The facts, so far as material, are stated in the opinion.

*Walter J. Moore* for plaintiffs, appellants. The plaintiffs may maintain this action as heirs at law of the testatrix. (Code Civ. Pro. § 1537; *Decker* v. *Vreeland*, 220 N. Y. 326.) The " estate " contemplated by section 17 of the Decedent Estate Law is the gross estate at the time of the testatrix's death — all her real and personal property, no matter where located — less the amount of her debts. (*Decker* v. *Vreeland*, 220 N. Y.

326.) The property in suit is part of the intestate portion of the residuary estate and title thereto devolved upon the heirs at law of the testatrix. (*Chamberlain* v. *Chamberlain*, 43 N. Y. 424; *Chamberlain* v. *Taylor*, 105 N. Y. 185; *Matter of Clark*, 62 Hun, 283; *Scott* v. *Ives*, 22 Misc. Rep. 749; *Abbott* v. *James*, 14 N. Y. 597; *Abbott* v. *James*, 111 N. Y. 673; *Read* v. *Williams*, 125 N. Y. 560; *Jones* v. *Kelly*, 170 N. Y. 401.) Neither the power to sell nor the power to retain and distribute in kind, contained in the twentieth and twenty-first clauses of the will, can be exercised as to the Mamaroneck property. (Code Civ. Pro. § 2703; *Hogan* v. *Kavanaugh*, 138 N. Y. 417; *Chamberlain* v. *Taylor*, 105 N. Y. 185; *Matter of Clark*, 62 Hun, 283; *Matthews* v. *Studley*, 17 App. Div. 303; *Farmers' Loan & Trust Co.* v. *Kip*, 192 N. Y. 266; *Abbott* v. *James*, 111 N. Y. 673; *Jones* v. *Kelly*, 170 N. Y. 401; *Read* v. *Williams*, 125 N. Y. 560; *Decker* v. *Vreeland*, 220 N. Y. 326; *Smith* v. *Robertson*, 89 N. Y. 555.)

*Edward R. Greene* and *F. Cunningham, Jr.*, for Marshall O. Terry, individually and as executor, appellant. The action is premature because the rights of the heirs depend entirely upon the action of the executors under the powers given them by the will. (*Read* v. *Williams*, 125 N. Y. 560; *Rich* v. *Tiffany*, 2 App. Div. 25; *Chamberlain* v. *Taylor*, 105 N. Y. 185; *Jones* v. *Kelly*, 170 N. Y. 401; *Abbott* v. *James*, 111 N. Y. 673; *Taylor* v. *Dodd*, 58 N. Y. 335.) The power of allotment given the executors by the twentieth clause of the will is valid. (*Matter of vom Saal*, 82 Misc. Rep. 531; *Reynolds* v. *Denslow*, 80 Hun, 359; *Blanchard* v. *Blanchard*, 4 Hun, 287; 70 N. Y. 615; *Matter of Spears*, 89 Hun, 49; *Clark* v. *Goodridge*, 52 Misc. Rep. 239; *Haug* v. *Schumacher*, 166 N. Y. 506; *Mutual Life Ins. Co.* v. *Shipman*, 108 N. Y. 19; *Matter of Conners*, 6 App. Div. 594; 155 N. Y. 627.)

*Scott McLanahan* and *George C. Austin* for Edwin L. Barber et al., appellants. All legacies including those to the charities, to the extent to which they are valid under the statute, must be paid out of the personalty. (*Bevan* v. *Cooper*, 72 N. Y. 317; *Kingsland* v. *Murray*, 133 N. Y. 170; *Hogan* v. *Kavanaugh*, 138 N. Y. 417; *F. L. & T. Co.* v. *Kip*, 192 N. Y. 266; *Livingstone* v. *Newkirk*, 3 Johns. Ch. 312; Jessup's Surrogate Practice [4th ed.], 859, § 811; Williams on Executors [6th Am. ed.], 1810; *Matter of Neely*, 24 Misc. Rep. 255; *Turner* v. *Mather*, 86 App. Div. 172; *Chamberlain* v. *Taylor*, 105 N. Y. 185.) The executors cannot lawfully deprive the heirs of their title to the real estate in question by exercising the power of sale or other disposition attempted to be given them by paragraphs twentieth and twenty-first of the will. (*Murray* v. *Miller*, 178 N. Y. 316; *Chamberlain* v. *Chamberlain*, 43 N. Y. 424; *Chamberlain* v. *Taylor*, 105 N. Y. 185; *Abbott* v. *James*, 111 N. Y. 673; *Jones* v. *Kelly*, 170 N. Y. 401; *Smith* v. *Robertson*, 89 N. Y. 555; *Matter of Clark*, 62 Hun, 283; *Read* v. *Williams*, 125 N. Y. 560.)

*Ernest P. Hoes* for Frank L. Hall, individually and as executor, et al., appellants and respondents. Independently of the statute the will devises this real property to the McGregor Home. (*Central Trust Co.* v. *Eggleston*, 185 N. Y. 23.) The statute does not divest the title given by the will to the home. (*Matter of Teed*, 59 Hun, 63; *Amherst College* v. *Ritch*, 151 N. Y. 282.) The power of allotment under clause twentieth is an additional bar to the rights of the heirs. (*Taylor* v. *Dodd*, 58 N. Y. 338.)

*George L. Shearer* for A. M. McGregor Home, appellant and respondent.

POUND, J. The plaintiffs bring this action as heirs at law of Tootie McGregor Terry, deceased, for the

partition of real property situate in Westchester county in this state. Their contention is that although Mrs. Terry left a last will and testament purporting to dispose of her entire estate, both real and personal, valued at about $3,000,000, this part of the estate was not validly disposed of by the will. The testatrix had a husband and she attempted to give more than one-half of her estate to benevolent and charitable organizations. This she could not do. The intestate excess amounts to upwards of half a million dollars. (Decedent Estate Law [Cons. Laws, ch. 13], § 17.) The personalty constitutes by far the greater part of the estate. The real estate in question is included in the residuary clause of the will which devises " all the rest, residue and remainder of my estate both real and personal " to A. M. McGregor Home, an Ohio corporation which maintains a home for aged and destitute men and women in the village of East Cleveland. The courts below have dismissed the complaint on the grounds that by the provisions of the will the executors are authorized " to retain the property, whether real or personal, constituting my estate, as the same shall be received by them at their discretion to distribute the same in kind to the persons who shall become entitled to any part thereof under the provisions of this my will " at valuations fixed by the executors; that until the executors' unrestricted powers of allotment have been exercised the title of the heirs remains defeasible, and that, therefore, partition is premature because the rights of the heirs may be defeated by the allotment of the real estate as a part of the one-half of the estate validly disposed of.

The will contains a bare discretionary authority to sell real estate and no intent appears that the gift to the residuary devisee should be satisfied by a sale of the lands in suit. (*Matthews* v. *Studley*, 17 App. Div. 303; affirmed on opinion below, 161 N. Y. 633.) The question

is, therefore, as to the valid devise of such lands. The power to allot can not by its terms be exercised to defeat such devise. The executors do not receive the real property devised to the Home. At the death of testatrix the title to the lands immediately devolved. It was not left in suspense. The rights of A. M. McGregor Home attached immediately to any interest in the lands lawfully devised to it and the rights of the heirs at law attached immediately to any interest in such lands not thus lawfully devised.

" Where the conversion of real estate into personalty *is an incident to the devise and for the purpose of making it conveniently workable,* then, as to so much of the estate as the devise fails to dispose of, because in violation of law, the conversion also fails." (*Jones* v. *Kelly,* 170 N. Y. 401, 408.) No distinction can be drawn in this regard between the right to sell and the right to distribute in kind. The power in either case is granted to the executors for their convenience in administering the estate and extends only to that which falls within their province to administer.

But this does not lead to the conclusion that the title to the lands vested in the heirs as the only tenants in common. If it were not for the statute, the title to the real estate would vest in the A. M. McGregor Home. But such devise is " valid to the extent of one-half and no more." As to the other half the testatrix died intestate.

No authority permits us to apportion a devise of real estate out of the personal property. (*Matter of Teed,* 59 Hun, 63.) In the *Chamberlain Cases* (43 N. Y. 424; 105 N. Y. 185) no realty was devised to the charitable institutions and no intent to resort to the real estate for their advantage was found. The real estate physically remained and descended to the testator's heirs as such because no valid disposition thereof was made. But in

this case the real estate was in terms and in kind devised to the charitable institution named and it takes so far as the devise is valid. If testatrix had specifically devised and bequeathed all her real estate to one charitable corporation and all her personal estate to another, would the heirs be heard to say that they took all the real property and that the two corporations would take from the personalty equal shares of that portion of the value of the estate which testatrix might validly dispose of? Such a contention would be foreign equally to common sense and the technical canons of construction. The will would be valid as to one-half of the devise and also as to one-half the bequest. The confusion of ideas arises in the erroneous application of sound principles of law to facts wholly dissimilar to those upon which such principles were enunciated. Legacies are, as a rule, chargeable against personalty but we are not dealing with a legacy.

The heirs, therefore, own, as tenants in common with the A. M. McGregor Home, one-half of the realty in suit and plaintiffs may maintain this action.

The judgment should be reversed and new trial granted, with costs to abide the event.

HISCOCK, Ch. J., COLLIN, CUDDEBACK, CARDOZO, CRANE and ANDREWS, JJ., concur.

Judgment reversed, etc.