In the Matter of the Accounting of THE FARMERS' LOAN AND TRUST COMPANY et al., as Executors of LIONEL J. SALOMON, Deceased, Respondents.

NEW YORK FOUNDATION, Appellant.

(Argued November 21, 1929; decided January 7, 1930.)

*George B. Engelhard* for appellant. The provisions of section 285 of the Surrogate's Court Act do not entitle the

executors to commissions on the real property in this case because the real property was not, in any case, " received, distributed or delivered " by the executors. (*Ogsbury* v. *Ogsbury*, 115 N. Y. 290; *Coann* v. *Culver*, 188 N. Y. 9; *Matter of Wanninger*, 120 App. Div. 273; 190 N. Y. 527; *Matter of Seiss*, 119 Misc. Rep. 521; *Matter of Greer*, 123 Misc. Rep. 909; *Matter of Runk*, 181 App. Div. 461; 224 N. Y. 570; *Barber* v. *Terry*, 224 N. Y. 334.) The provision of the will that the real property shall be deemed personal property " for the purpose of the payment of legacies and for the distribution and settlement of my estate ". does not entitle the executors to commissions on the fee value of the real property. (*Matter of Hoffman*, 201 N. Y. 255; *Morris* v. *Sickley*, 133 N. Y. 456; *Gourley* v. *Campbell*, 66 N. Y. 169; *Read* v. *Williams*, 125 N. Y. 560; *Trask* v. *Sturgis*, 170 N. Y. 482; *Painter* v. *Painter*, 220 Penn. St. 82; *Matter of Barker*, 230 N. Y. 364.)

*Otis T. Bradley, Lee McCanliss* and *Dudley Miller* for executors, respondents. It was the clear intention of the testator as disclosed by his will that his executors should receive commissions upon the value of his real property. (*Matter of Sprague*, 46 Misc. Rep. 216; *Matter of Arkenburgh*, 38 App. Div. 473; *Matter of O'Donohue*, 115 Misc. Rep. 697; *Matter of Kernochan*, 104 N. Y. 618; *Secor* v. *Sentis*, 5 Redf. 570; *Matter of Nester*, 166 App. Div. 224; 216 N. Y. 716.)

Hubbs, J. The testator left an estate of over $2,500,000 in value. By his will he bequeathed $1,500 to care for cemetery plots, and then established eight trusts in a total of $255,000, the income to be paid to the beneficiaries named during their lives and upon the termination of the several trusts the principal to be paid to the New York Foundation, the appellant. The entire residuary estate was bequeathed to the appellant. Three hundred and

twenty-six thousand five hundred dollars of the estate in value consisted of two parcels of real property. By the fifteenth clause of the will it was provided: "15th. For the purpose of the payment of legacies, and for the distribution and settlement of my estate, my real estate shall be deemed to be personal property." Upon the accounting before the Surrogate it was held that the executors were entitled to commissions upon the value of the real estate. The appellant objected to the amount of said commissions and appealed to the Appellate Division, where the decree of the Surrogate was unanimously affirmed, and permission granted to appeal to this court.

The question here is whether the executors are entitled to commissions upon the value of the real property left by the testator. The will did not convey to the executors title to the real property or grant to them power to sell it. The testator left sufficient personal property to pay all of his debts and legacies, so that the necessity of selling the real property never arose and the executors never exercised the power conferred upon them to convert the real property into personalty.

Section 285 of the Surrogate's Court Act reads as follows: "The value of any real or personal property * * * received, distributed or delivered, shall be considered as money in making computation of commissions." The executors have not "received, distributed or delivered" the real property in question. Title to it vested in the appellant by operation of law without any act on the part of the executors. The will vested them with the implied power to sell for the purpose of paying legacies and the distribution of the estate, but as the personal property was sufficient for all of those purposes the power was never exercised and title vested without any action whatever on their part. In the absence of the clause in question in the will, the granting of a power to sell which was never exercised would not entitle the executors to

commissions on the value of the real property. (*Matter of Wanninger*, 120 App. Div. 273; affd., 190 N. Y. 527.)

Even though the clause in question constituted an equitable conversion the executors have not "received, distributed or delivered" the property either as real property or in a converted form. They performed no act in relation to it under the authority vested in them by the terms of the will, and title to the real property never vested in them. (*Barber* v. *Terry*, 224 N. Y. 334.) If entitled to commissions on the value of the real estate it is solely by reason of the clause in question, and that is so conceded in the argument of respondents. The Appellate Division sought to give the clause the meaning that it assumed would carry out the intent of the testator. That court was impressed with the idea that the testator knew that his personal property would pay all legacies and debts, and that by inserting in the will the fifteenth clause he intended to charge the real property with the payment of commissions the same as though it were personal property. Of course, if he had any such purpose in mind he could have said so in as few words as are contained in the fifteenth clause. In any event, the intention of the testator upon that question does not speak of the date of his death but from the date of the execution of the will. We think it fair to say that the clause in question was inserted in the will by the attorney who drew it as a matter of precaution to facilitate the settlement of the estate in the event that it became necessary to sell any of the real property left by the testator. It seems to us that the holding of the Surrogate and of the Appellate Division cannot prevail in view of the decision of this court in *Matter of Barker* (230 N. Y. 364).

In that case the will of James J. Belden provided as follows: "I charge payment of any balance [legacies] upon my real estate and direct that no distinction be made between real and personal property in the execution of

this will, and the settlement and distribution of my estate."
A contest arose in regard to the payment of commissions
upon the value of the real property. The Appellate
Division (in 186 App. Div. 317) held that there was an
equitable conversion of the real property for all purposes
of the will and that such equitable conversion required
the allowance of commissions to the executors upon the
value of the real estate. When that case reached this
court, it was held that the executors were entitled to
commissions upon the value of the real property because
the will in that case vested the title of the property in
the executors and they received and controlled it. Judge
HISCOCK, writing for this court, said: " We agree with
the conclusions reached by that court [Appellate Division]
upon all questions save one. We disagree, however,
with the reasoning by which it reached its conclusion upon
another question which seems important enough to call
for some consideration " (the question here involved).
He then stated that the Appellate Division thought that,
because the will worked an equitable conversion of the
real property, it might be regarded as personal property
for the purpose of fixing commissions, but stated that
where equitable conversion is accomplished by a will it
does not follow that it entitles the executors to com-
missions, and said: " It may be assumed that where there
is an equitable conversion under a will the doctrine of
such conversion will be applied to all details which are
involved in construing and carrying out the provisions of
the will to which it is applicable, but we do not think
that the doctrine should be applied to a matter entirely
extraneous to the construction and operation of the will
itself, as the fixation of fees, so as to enable an executor
to collect fees for receiving real estate on the theory that
it was personal property. We reach, however, the same
result as the Appellate Division by a different course."

In that case the language was substantially the same as

in the case at bar. The will read, " the settlement and distribution of my estate." In the case at bar the will reads, " the distribution and settlement of my estate," and in both instances the real property is to be deemed personal property. In *Matter of Barker* (*supra*) this court clearly stated its disagreement with the Appellate Division upon that question in order that the affirmance by this court might not be construed as an approval of the reasoning of the Appellate Division.

The respondents argue in their brief that that decision holds only that a provision for equitable conversion cannot in and of itself constitute a ground for granting commissions, but that the case does not hold that a direction for equitable conversion contained in a will prevents the consideration of other language as showing the testator's intention that his executors should receive commissions upon the value of real estate, that is, that it is a question of construction separate and aside from any question of equitable conversion.

In the case at bar, however, the only basis for the granting of commissions upon the value of the real estate is the very provision which works an equitable conversion of real estate. In view of the decision in *Matter of Barker*, the order of the Appellate Division and the decree of the Surrogate's Court should be reversed, with costs to the appellant payable out of the estate, and the matter remitted to the Surrogate's Court with instructions to modify the decree in accordance with the directions of this court.

POUND, CRANE, LEHMAN, KELLOGG and O'BRIEN, JJ., concur; CARDOZO, Ch. J., not sitting.

Ordered accordingly.