WAXSON REALTY CORPORATION, Appellant, *v.* SAMUEL ROTHSCHILD, Respondent.

(Argued December 2, 1930; decided January 6, 1931.)

*Leon J. Shapiro, Elliot W. Isaacson* and *Bernard D. Barnett* for appellant. The administrator c. t. a. could

not convey good title except pursuant to a court order of authorization or of confirmation. (Surr. Ct. Act, § 227; *Murdock* v. *Kelly*, 62 App. Div. 562.) The heirs of Adelaide Welch not having been cited, the proceedings in the Surrogate's Court were insufficient to cut off their rights. (*Title Guarantee & Trust Co.* v. *New York Juvenile Asylum*, 133 App. Div. 529; *People ex rel. Moscovitz* v. *O'Loughlin*, 79 Misc. Rep. 650; *Bascom* v. *Weed*, 54 Misc. Rep. 54; *Matter of Evans*, 234 N. Y. 42; *Matter of Kidder*, 121 Misc. Rep. 285; *Moore* v. *Little*, 41 N. Y. 66; *House* v. *Jackson*, 50 N. Y. 161.) The will did not illegally suspend the power of alienation. (*Purdy* v. *Hayt*, 92 N. Y. 445; *La Farge* v. *Brown*, 31 App. Div. 542; *Matter of Abbey*, 91 Misc. Rep. 506; *Woodruff* v. *Cook*, 61 N. Y. 638; *United States Trust Co.* v. *Webb*, 110 Misc. Rep. 683; *Woodgate* v. *Fleet*, 64 N. Y. 566; *Bailey* v. *Bailey*, 97 N. Y. 460; *Fenton* v. *Fenton*, 35 Misc. Rep. 479; *Matter of Lally*, 136 App. Div. 781; 198 N. Y. 608; *Matter of Hurlbut*, 51 Misc. Rep. 263.) The title to the premises is so clothed in doubt as to render same unmarketable. (*Fleming* v. *Burnham*, 100 N. Y. 1; *Cerf* v. *Diener*, 210 N. Y. 156.)

*George B. Davenport* and *Howard C. Tracy* for respondent. The proceeding taken by the administrator c. t. a. was unnecessary in order to convey a good title under the testatrix's contract. The proceeding referred to was taken under Surrogate's Court Act, section 227. (*Rome* v. *Phillips*, 27 N. Y. 357; *Potter* v. *Ellice*, 48 N. Y. 321; *Thomas* v. *Smith*, 63 N. Y. 301; *Murdock* v. *Kelly*, 62 App. Div. 562; *Rockland-Lockport Lime Co.* v. *Leary*, 133 App. Div. 379; *Holly* v. *Hirsch*, 135 N. Y. 590; *Williams* v. *Haddock*, 145 N. Y. 144; *Bostwick* v. *Frankfield*, 74 N. Y. 215.) The proceeding instituted by the administrator c. t. a. is not defective. (*Miller* v. *Gilbert*, 144 N. Y. 68; *Steinway* v. *Steinway*, 163 N. Y. 183; *Eycle-*

sheimer v. Hunter, 162 App. Div. 643; Matter of Evans, 234 N. Y. 42; Matter of Kidder, 121 Misc. Rep. 285.) The remainder to the heirs of Adelaide Welch, if the phrase " or her heirs " be held words of substitution, is invalid. (Purdy v. Hayt, 92 N. Y. 445; Matter of Terwilliger, 135 Misc. Rep. 170; Matter of Ryder, 41 App. Div. 247; Matter of Silsby, 229 N. Y. 396.) The title to the premises is not so involved in doubt as to render the same unmarketable. (Hellreigel v. Manning, 97 N. Y. 56; Bardes v. Herman, 144 App. Div. 772; Cambreleng v. Purton, 125 N. Y. 610; Ferry v. Sampson, 112 N. Y. 415; Norwegian Evangelical Church v. Milhauser, 252 N. Y. 186; Cerf v. Diener, 210 N. Y. 156; Fleming v. Burnham, 100 N. Y. 1.)

HUBBS, J. On October 3, 1925, Elizabeth Chase Welch died leaving a last will and testament which reads as follows:

" I, Elizabeth Chase Welch, of Syracuse, N. Y., make this my last will and testament.

" I leave everything both real and personal of which I may die possessed or anything which might come to me, were I living, to my sister, Margaret T. DeForest, to use for her natural life. Except my four large bronzes, Fairman's oil painting & the fine French cabinet, now at Share's in Boston. These are for my son, Proctor C. Welch. My United Shoe Machinery I leave to my son, Howard F. Welch. As my son, Proctor, is already provided for, I wish to make provision for my son Howard. In the event of my sister's death (having perfect confidence in the integrity of my son, Proctor and Mr. Jacob Goettel, I leave everything to them in trust for my son, Howard, expecting them to take my place & use their own discretion when & how much shall be given him until he is sixty five years of age, when if thought best, the trust may end. In the event of Howard's death, everything

shall pass to Proctor & when he dies it goes to Adelaide Welch or her heirs.

" Sept. tenth, nineteen hundred & Twenty.

" ELIZABETH CHASE WELCH.

" HELEN A. JOYCE

" MARY A. JOYCE."

" Onondaga Hotel " (In left margin of will)

" If necessary — Mr. Latiff will act as a trustee." (In right margin of will.)

It was admitted to probate and letters of administration with the will annexed were issued to Proctor C. Welch, a son of testatrix.

Before testatrix's death she had entered into certain contracts for the sale of land. After her death the then owner of the vendee's interest in those contracts desired to pay the balance unpaid thereon and receive a deed. Proctor C. Welch, as such administrator, filed in the Surrogate's Court a petition praying that a citation issue to Margaret DeForest, Adelaide Welch, Howard F. Welch and Proctor C. Welch, the petitioner, directing them to show cause why a decree should not be made directing the said Proctor C. Welch as such administrator to execute a proper conveyance as provided in said land contracts.

All of said parties having been duly served, a decree as prayed for was made and entered. Thereupon said Proctor as such administrator delivered a deed of the land in question. It was duly recorded and the defendant became the owner thereof by mesne conveyances. He contracted to convey said premises to Herman K. Solomon who made a down payment of $1,000. On the law day the said vendee refused to complete the purchase upon the ground that the defendant did not have a marketable title. The complaint alleges: " That there was and still is an outstanding interest in the aforesaid premises in the heirs of one Elizabeth C. Welch, one of the former owners of the premises, and * * * that the premises are

otherwise unmarketable." This action is to recover the down payment and to establish a lien therefor. The defendant counterclaimed for specific performance of the contracts. In the agreed statement of facts, the objection to the title made upon the closing day is stated to be "That there were outstanding interests in the said premises in the heirs and devisees of Elizabeth Chase Welch and in the heirs of one Adelaide Welch."

The basis of the objection was that the heirs of Elizabeth, the testatrix, and the heirs presumptive of Adelaide were not made parties to the Surrogate's Court proceeding which authorized Proctor C. Welch, as such administrator, to execute and deliver the deed in question. The Special Term found in favor of the plaintiff, that the title was not marketable, and judgment was entered in his favor for the down payment and the attorney's fees, the basis of the decision being that all necessary parties, as required by section 227 of the Surrogate's Court Act, which permits an administrator with the will annexed to execute and deliver a deed to premises contracted for sale by a testator, upon the order of a Surrogate to be granted after proceeding as therein directed, that is, after service of notice upon all persons interested, had not been complied with.

The Appellate Division reversed and directed judgment for the defendant for specific performance of the contract.

Upon the death of Elizabeth Chase Welch, the testatrix, the title to the land in question which she had contracted to convey vested in the devisees named in her will or, if not legally devised, in her heirs at law. No power to convey real estate was given by the will and no executor was named therein. The only authority that Proctor C. Welch as administrator c. t. a. had to convey such real property was derived from a decree of the Surrogate's Court made under the authority of section 227 of the Surrogate's Court Act which requires that "all persons interested" be cited in a proceeding for permission to

make and deliver such deed or in a proceeding for a decree " for the confirmation of the act of the executor or administrator in delivering the deed." The will created certain life estates or trust estates for life, and then provided that the corpus of the estate should go to " Adelaide Welch or her heirs." If the devise to Adelaide is void because the will unlawfully suspends the power of alienation for more than two lives in being, the title to the land in question descends under the statute to the heirs at law of Elizabeth Chase Welch, the testatrix, as the remainder attempted to be devised to Adelaide is contingent both as to the time of vesting and the persons in whom it may vest. (*Matter of Silsby*, 229 N. Y. 396.)

Under such a construction of the will, the heirs at law of Elizabeth take the legal title to the land and were necessary parties to the Surrogate's Court proceeding. The record does not disclose that the heirs at law of the testatrix were cited or in fact who they were.

On the other hand, if the devise to Adelaide Welch or her heirs is a valid devise of a remainder and her heirs take under the will, the heirs presumptive of Adelaide should have been cited as they were " persons interested." (*Kent* v. *Church of St. Michael*, 136 N. Y. 10.)

We have reached the conclusion that the words " or her heirs " are words of substitution and that her heirs take under the will, provided the will does not unlawfully suspend the power of alienation. (*Matter of Evans*, 234 N. Y. 42.)

Under such construction Adelaide's heirs presumptive would be parties in interest and they should have been cited in the Surrogate's Court proceeding.

If the will unlawfully suspends the power of alienation, then the heirs at law of Elizabeth Chase Welch, the testatrix, were parties in interest. If the devise to " Adelaide Welch or her heirs " is valid, then her heirs presumptive were parties in interest. The record does not

disclose that either the heirs of the testatrix or the heirs presumptive of Adelaide Welch were cited in the Surrogate's Court proceeding.

Under such circumstances the title tendered was not one which a vendee should have been compelled to accept.

The judgment of the Appellate Division should be reversed and that of the Special Term affirmed, with costs in the Appellate Division and in this court.

CRANE, J. (dissenting). It seems to me that sections 42 and 43 of the Real Property Law are to be taken together, and that the law prohibits creating of more than two successive life estates, whether they be in trust or not. By this will, Margaret has a life estate; then on her death Howard has a life estate, or what is the same thing, the life interest held in trust; then at Howard's death, Proctor has a life estate, and at his death the property passes to Adelaide or her heirs. This, I think, violates the statute. After Howard's death there can be no more life interests. The gifts over to Adelaide or her heirs are stricken out and are of no effect. If the argument for the appellant be correct, there could have been a fourth estate, or Adelaide's share held in trust for her life; and the gift over on her death to a remainderman. The statute apparently prohibits this alternating between a life estate and one in trust so as to permit four of them. There could only be two life estates in trust under section 42, or two out and out life estates under section 43, and I do not believe we should combine them and make four life estates in the one will out of the same property.

If this be so, neither Adelaide nor her heirs were necessary parties to the Surrogate's proceedings. In other words, Proctor's life estate and the remainder to Adelaide or her heirs are stricken from the will by law. The fee vests in the heirs of the testator. However, I do not see

why this should lead to a reversal of the Appellate Division. The two sons of the testator, Proctor and Howard, were made parties to the proceeding, and there is no claim that Elizabeth had any other heirs. Why should we assume that she had, or raise any doubts about the question when counsel have assumed, and the case has proceeded upon the theory that the only possible persons whose existence made the title defective were the uncited heirs of Adelaide? This is the only objection raised, and I do not see why we should raise others. Title has been refused solely upon the ground of the defect in this particular — the omission of Adelaide's heirs. We should not raise objections to a title which have not been raised below.

The regularity of the proceedings in the Surrogate's Court must be presumed until the contrary appears. The petition in that court of Proctor C. Welch alleges that the persons there named are the parties interested in the proceeding. This is the same as stating that Proctor and Howard are the only heirs of Elizabeth. The plaintiff has failed to prove that this is not so; the burden is on the plaintiff to prove the allegations of its complaint. The down payment of the purchase price is demanded because of a defect in parties to the proceeding in the Surrogate's Court. The plaintiff has failed to prove any such defect. It has offered no evidence whatever to show that there are any other parties interested in the proceeding, or that Elizabeth, the testator, had any heirs except those named in the petition, the interested parties. No oral testimony was offered; we have merely the records and an agreed statement of facts. The burden was on the plaintiff to prove that Elizabeth had other heirs than Howard and Proctor; in other words, to prove the defect which it alleged, especially as nothing in the record shows that she had other heirs, but in fact shows the contrary. The petition alleges, as already stated, that all the parties interested are cited in the

Surrogate's Court. The burden was upon the plaintiff to prove the defect of title in this case, the same as it would be to prove an incumbrance or an outstanding title in any other case. The fact is, the point now raised by Judge HUBBS was never thought of, and is not mentioned in the briefs. The whole claim has been that the heirs of *Adelaide* mentioned in the will, not the heirs of *Elizabeth*, were not made parties to the Surrogate's proceeding. I, therefore, think we should affirm the Appellate Division.

CARDOZO, Ch. J., POUND, LEHMAN, KELLOGG and O'BRIEN, JJ., concur with HUBBS, J.; CRANE, J., dissents in opinion.

Judgment accordingly.