■ MICHAEL DiSANTO et al., Appellants, v WELLCRAFT MARINE CORPORATION, Respondent, et al., Defendants.—In an action brought pursuant to RPAPL article 15, *inter alia,* for a judgment declaring that the plaintiffs have unencumbered title to certain real property, the plaintiffs appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Westchester County (Coppola, J.), entered October 30, 1987, as held that their title was subject to a judicial lien in favor of Wellcraft Marine Corporation in the principal sum of $137,795.62.

Ordered that the judgment is modified, on the law, by adding a provision thereto that the lien is only enforceable against the one-quarter interest in the subject property formerly held by Edward J. Milano; as so modified, the judgment is affirmed insofar as appealed from, with costs to the respondent Wellcraft Marine Corporation.

The plaintiffs commenced the instant action pursuant to RPAPL article 15 for a judgment declaring that they hold unencumbered title to a parcel of real property located in the Town of Eastchester, County of Westchester, New York. The property in question was formerly owned by Harry Milano. On February 26, 1982, Harry Milano died leaving a will which, *inter alia,* bequeathed his estate to his wife, Anne Milano, with the following proviso:

"THIRD:

"Should my beloved wife survive me but die (1) prior to the payment, delivery or distribution to her of all my personal property bequeathed to her herein or the sale of the real property devised to her herein, and (2) *within six months subsequent to my death, then all such personal property not theretofore paid, delivered or distributed to her, or all of the real property devised to her herein that has not been sold within the six months subsequent to my death, shall be disposed of pursuant to the provision of this my Will,* as if my said wife had not survived me.

"FOURTH:

"If my beloved wife shall predecease me, I give devise and bequeath the amount of five thousand ($5,000.00) DOLLARS to my beloved niece, VIENNA BIANCO. If my beloved wife shall predecease me, I give, devise and bequeath all the rest, residue and remainder of the real property and estate, real, personal and mixed, of whatsoever kind or nature, and wheresoever located or situated, of which I shall die seized or possessed, or to which at the time of my death I shall be in

any manner entitled or over which *I shall then have a power of appointment, or to which after my death my estate shall in any manner become entitled, to my issue surviving me, in equal shares, per stirpes and not per capita"* (emphasis supplied).

On July 10, 1982, Anne Milano died and shortly thereafter the Surrogate's Court, Westchester County, appointed Harry Milano's son Robert A. Milano the executor of Harry Milano's will. The surviving issue of Harry Milano were his three sons, Robert A. Milano, Edward J. Milano, and Harry A. Milano, Jr., and a daughter, Adrienne J. Milano. The will provided the following instructions to the executor regarding the distribution of the estate assets:

"EIGHTH:

"I give my said executor *(and substitute or successor executor), the fullest power and authority in all matters in question to do all acts which I might or could do if living, including, without limitation because of specification, complete power and authority to invest (without restrictions to investments permitted by law),* sell *at public or private sale for cash or credit with or without security,* mortgage, lease and dispose of, or retain or distribute in kind any and all property real and personal, at such times and upon such terms and conditions as she or he may deem advisable" (emphasis supplied).

Among the estate assets was the subject real property.

On August 16, 1982, Wellcraft Marine Corporation (hereinafter Wellcraft) obtained a judgment in the Supreme Court, Westchester County, in the amount of $137,745.62 against Edward J. Milano upon his default in appearing in an action brought by them.

On January 20, 1983, Wellcraft filed a notice of pendency with the County Clerk of Westchester County on the four parcels of real property held by the estate of Harry Milano. The notice stated that an action would be commenced by Wellcraft against Robert A. Milano, as executor of the estate of Harry Milano, and against Edward J. Milano. This notice was filed under the last name "Milano" and stated the liber and page of each of the parcels. Wellcraft's action, which was brought against Robert A. Milano, as executor of the estate of Harry Milano, and Edward J. Milano, was for a judgment declaring that Edward J. Milano had a one-quarter interest in the properties held by the estate of Harry Milano and that Wellcraft had a judicial lien on the interest of Edward J. Milano in those properties.

During the pendency of that action by Wellcraft, title to the

subject real property was transferred by deed from "Robert Milano, as Executor for the estate of Harry A. Milano" to Michael and Geraldine DiSanto. The deed was recorded in the office of the County Clerk, Westchester County, on May 25, 1983. In the meanwhile, following the joinder of issue, Wellcraft moved to strike the answer of Robert A. and Edward J. Milano, and for summary judgment in its favor.

In a decision and order entered August 14, 1985, the Supreme Court, Westchester County (Rosato, J.), held that Edward Milano had a one-quarter interest in the properties owned by the estate of Harry Milano and that Wellcraft had a judicial lien on Edward J. Milano's interests in those parcels. On September 5, 1985, a judgment was entered on that decision and order.

The instant action was commenced by Michael and Geraldine DiSanto in April 1986. In its answer, Wellcraft demanded a judgment that it possessed a judicial lien against the DiSantos' property.

In a memorandum decision, Justice Coppola concluded that the DiSantos were bound by the judgment of the Supreme Court, Westchester County, entered September 5, 1985, because a notice of pendency had been filed by Wellcraft in its action against Edward J. Milano and Robert A. Milano as the executor of theestate.

The DiSantos moved for reargument, contending that the method of filing notices of pendency by the County Clerk, Westchester County, failed to adequately apprise them of the action commenced by Wellcraft against Edward J. Milano and Robert A. Milano as executor of the estate of Harry Milano.

That motion was denied, and the judgment appealed from was entered. We conclude that Wellcraft has an enforceable lien against the DiSantos' property to the extent of the one-quarter interest in the property formerly held by Edward J. Milano. As a rule, title to real property devised under the will of a decedent vests in the beneficiary at the moment of the testator's death (see, Waxson Realty Corp. v Rothschild, 255 NY 332; Barber v Terry, 224 NY 334; Matter of Payson, 132 Misc 2d 949). Unless otherwise directed by the will, an executor takes no title to the property of the testator since title vests in the devisees subject to the necessities of administration of the estate (see, Matter of Rich, 27 Misc 2d 364, 371). The power to sell the property, without the existence of a valid trust over the proceeds, vests no title in the executor. Rather, the property passes to the devisees subject to the

execution of the power to sell by the executor *(Morse v Morse,* 85 NY 53, 58). Where a will directs an executor to divide the residue into equal parts, title does not vest in the executor, nor does it preclude the vesting of absolute title in the devisee *(Matter of Rich, supra,* at 371). The executor's discretionary power to sell the property for purposes of distribution does not cause title to the real property to rest in the executor *(see, Brandt v Stowe,* 20 Misc 2d 856, 858).

Based upon the foregoing tenets, a one-quarter interest in the subject real property vested in Edward J. Milano upon the deaths of Harry Milano and his wife, and Wellcraft has the right to enforce the lien against Edward J. Milano's interest in that property.

Contrary to the plaintiffs' contentions, the notice of pendency was properly filed *(see,* CPLR 6511 [c]), and provided sufficient notice of the action commenced by Wellcraft. Consequently the plaintiffs are bound by the judgment entered September 5, 1985 *(see,* CPLR 6501; *see also, Matter of Tref Realty Corp. v City of New York,* 135 AD2d 862; *Goldstein v Gold,* 106 AD2d 100, *affd* 66 NY2d 624).

However, a lien cannot be elevated to a position superior to that of the judgment debtor at time it was entered *(see, Ptaszynski v Flack,* 263 App Div 831; *176 E. 123rd St. Corp. v Frangen,* 67 Misc 2d 281, 284). Hence, Wellcraft possesses a judgment lien only upon the one-quarter interest in the DiSantos' property previously held by Edward J. Milano, the judgment debtor. Mollen, P. J., Thompson, Lawrence and Kunzeman, JJ., concur.