■ In the Matter of the Estate of ELENI ZAHOUDANIS, Deceased. JOHN M. SPANAKOS, Respondent; MARY ZAHOUDANIS, Appellant. [612 NYS2d 667] —In an accounting proceeding, the objectant appeals, as limited by her brief, from so much of a decree of the Surrogate's Court, Kings County (Bloom, S.), dated July 14, 1992, as, after a hearing, awarded the executor a commission of $11,263.80 and fixed compensation for legal services at $14,500.

Ordered that the decree is modified, as a matter of discretion, by deleting the provision thereof awarding the executor a commission of $11,263.80; as so modified, the decree is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Surrogate Court, Kings County, for recomputation of the executor's commission consistent herewith.

The appellant was the sole residuary legatee of her mother's estate, of which the primary asset was a parcel of real property. The decedent's remaining personal property was insufficient to pay the various bequests and administrative expenses. Consequently, the executor transferred title to the real property to the appellant, and she obtained $97,000

through a mortgage on the property. This sum was then turned over to the executor for payment of the claims against the estate. The appellant contends that the Surrogate erred by awarding the executor a commission based on the full appraised value of the real property ($226,000), as the property was not sold but passed to her by operation of law.

Where title to real property vests in the legatee by operation of law without any act on the part of the executor, then the executor has not received, distributed, or delivered the property, and is not due any commission based on its value *(see, Matter of Salomon,* 252 NY 381; SCPA 2307 [1], [2]). "As regards real property, it is generally recognized that commissions are not payable thereon unless it is sold or an equitable conversion thereof is effected during the fiduciary's tenure. This rule is rooted in the belief that because title to realty vests by operation of law in the devisee without the necessity of any action by the fiduciary, the fiduciary neither receives the property nor pays it out" *(Matter of Passuello,* 184 AD2d 108, 112).

We conclude that, because the decedent's personal assets were insufficient to pay all the claims against the estate, title to the real property did not vest in the appellant by operation of law but had to be accomplished through the actions of the executor. However, under the circumstances of this case, the executor was entitled to include in the commission base only the net proceeds he "received" in conjunction with the transfer of the title to the appellant as residuary legatee, that is, $97,000 (SCPA 2307 [1]). The Surrogate acted improvidently in basing the executor's commission on the full appraised value of the real property. Therefore, we remit the matter to the Surrogate for a recomputation of the executor's commission consistent herewith.

The appellant further contends that the fee awarded to the attorney for the estate was excessive. It is well-settled that the Surrogate bears the ultimate responsibility to decide what constitutes reasonable legal compensation *(see, Matter of Nicastro,* 186 AD2d 805; *Matter of Verplanck,* 151 AD2d 767; SCPA 2110). We cannot say, based on a review of the record and the hearing transcript, that the Surrogate's determination was improper. O'Brien, J. P., Ritter, Santucci and Krausman, JJ., concur.