In the Matter of the Estate of REMEDIOS BALLESTEROS, Also Known as REMY BALLESTEROS, Deceased. MICHAEL A. BALLESTEROS, Respondent; MARY CARMEN BALLESTEROS HEINEMANN, Appellant; CHERYL NIELSEN et al., Intervenors Respondents. [798 NYS2d 131]—

In a proceeding pursuant to SCPA 2107 for advice and direction as to the sale of real property, Mary Carmen Ballesteros Heinemann appeals from an order of the Surrogate's Court, Kings County (Harkavy, S.), dated June 13, 2003, which denied her motion to revoke letters of administration c.t.a. issued to the petitioner and to issue letters testamentary to her, granted the petition, and directed that the real property be sold in accordance with the terms of a contract of sale dated March 18, 2002, that the deed dated April 19, 2002 from Mary Carmen Ballesteros Heinemann, as specific devisee, to Mary Carmen Ballesteros Heinemann and Gunther G. Heinemann was a nullity, and directed her to turn over an original satisfaction of mortgage.

Ordered that the order is affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.

In her will, the decedent, inter alia, bequeathed cash legacies to her grandchildren and great-grandchildren and devised a parcel of real property to her daughter, her son, and one of her granddaughters, "to the extent of the equity I may have therein at the time of my death, and after the legacies herein above shall have been satisfied." The will designated the decedent's daughter, the appellant herein, as executrix and empowered her to "sell, assign, transfer and convey, and to mortgage, lease or in anywise dispose of or encumber, any or all of my said estate, and convert the same into cash, for the purpose of distribution," and to "make distribution of any such property in kind or partly in cash and partly in kind in her . . . sole and uncontrolled discretion, and to do any and all things which may be necessary to carry out the provisions of this [will]." At the time of the decedent's death, her estate's liquid assets were not sufficient to satisfy the cash legacies, the decedent's debts, and the estate's other obligations. The appellant subsequently renounced her nomination as executrix, and the decedent's son was granted letters of administration c.t.a.

Title to the real property, which was specifically devised to the decedent's daughter, son, and granddaughter, vested in those beneficiaries at the moment of the decedent's death (*see Waxson Realty Corp. v Rothschild,* 255 NY 332, 336 [1931]; *Matter of Torricini,* 249 AD2d 401 [1998]; *DiSanto v Wellcraft Mar. Corp.,* 149 AD2d 560, 562 [1989]). Contrary to the appellant's contention, however, the vesting of title was subject to the executrix's power under the will to sell the real property to satisfy the estate's debts and obligations (*see Mellen v Mellen,* 139 NY 210, 219-220 [1893]; *Morse v Morse,* 85 NY 53, 58 [1881]; *Crittenden v Fairchild,* 41 NY 289, 292 [1869]; *DiSanto v Wellcraft Mar. Corp., supra* at 562-563; *Matter of Burke,* 129 Misc 2d 145, 147 [1985]). The power of sale passed to the decedent's son when the Surrogate's Court appointed him administrator c.t.a. (*see Bain v Matteson,* 54 NY 663 [1873]; *Royce v Adams,* 10 NYS 821 [1890], *affd* 123 NY 402 [1890]). Accordingly, the Surrogate's Court properly directed the sale of the real property by the administrator c.t.a. to the intervenors Cheryl Nielsen and Linda Greco and granted further relief facilitating the sale.

The parties' remaining contentions are either unpreserved for appellate review or without merit (*see Matter of Dolan,* 176 AD2d 1019, 1020 [1991]; *Matter of Spade,* 28 AD2d 552 [1967]). S. Miller, J.P., Ritter, Adams and Lifson, JJ., concur.