■ In the Matter of the Estate of JOSEPH SEVIROLI, Deceased. FRANCES KASZUBA, Respondent; MARIA SEVIROLI et al., Appellants. [818 NYS2d 249]—

In a proceeding pursuant to SCPA 1904, inter alia, to recover possession of real property and damages for the nonpayment of use and occupancy, Maria Seviroli and John Joseph Seviroli appeal from a decree of the Surrogate's Court, Nassau County (Riordan, S.), dated February 14, 2005, which, after a nonjury trial as to damages only, and upon an order of the same court dated August 11, 2004, which, upon reargument, adhered to a prior determination in an order dated April 4, 2004, granting that branch of the petitioner's motion which was for summary judgment on her cause of action for possession of the subject real property and to evict them from the property, inter alia, is in favor of the petitioner and against them in the total sum of $142,615, and, in effect, awards possession of the subject real property to the petitioner and evicts them from the property.

Ordered that the decree is modified, on the law and as an exercise of discretion, by deleting the provision thereof, in effect, awarding possession of the subject real property to the petitioner and evicting Maria Seviroli and John Joseph Seviroli from the property; as so modified, the decree is affirmed, without costs or disbursements, that branch of the petitioner's motion which was for summary judgment on her cause of action for possession of the subject real property and to evict Maria Seviroli and John Joseph Seviroli from the property is denied, the orders dated April 4, 2004 and August 11, 2004 are modified accordingly, and the matter is remitted to the Surrogate's Court, Nassau County, for a trial on the issue of whether the sale of the real property is warranted.

The appellant John Joseph Seviroli (hereinafter the infant son) is the surviving infant son of the decedent and the appellant Maria Seviroli (hereinafter the decedent's second wife). Prior to the decedent's death, the decedent, the decedent's second wife, and the infant son together resided in a condominium owned by the decedent. Upon the decedent's death, the infant son became an owner of an undivided 30% interest in the condominium, and held his interest as a tenant-in-common with four other beneficiaries. After the decedent's death, the infant

son and the decedent's second wife continued to reside in the condominium, but refused to pay use and occupancy to the executrix of the decedent's estate, who had paid the expenses related to the management and upkeep of the condominium from assets of the decedent's estate. The executrix commenced the instant proceeding against the decedent's second wife and the infant son, seeking, inter alia, their eviction from the condominium, and an award of damages for use and occupancy from the date of the decedent's death. The Surrogate's Court granted that branch of the executrix's motion which was for summary judgment on her cause of action seeking possession of the condominium and to evict the decedent's second wife and infant son. After a nonjury trial, the Surrogate's Court entered a decree awarding the executrix the total sum of $142,615 as and for use and occupancy, and, in effect, awarding her possession of the condominium and evicting the decedent's second wife and infant son. We modify.

There is no merit to the contention of the decedent's second wife that she and the infant son are free from liability for the payment, to the executrix, of use and occupancy for the subject real property. Although the infant son is not liable for such payments to his cotenants-in-common (*see Jemzura v Jemzura,* 36 NY2d 496, 503 [1975]; *Oliva v Oliva,* 136 AD2d 611, 612 [1988]), he is liable, by operation of statute, for such payments to the executrix, in light of her determination to manage the real property as estate property (*see* EPTL 11-1.1 [b] [5] [A]; *Johnson v Depew,* 38 AD2d 675, 675-676 [1971]; *Limberg v Limberg,* 256 App Div 721 [1939], *affd* 281 NY 821 [1939]). Accordingly, the award of damages for use and occupancy was properly made.

However, the Surrogate's Court improvidently exercised its discretion by, in effect, awarding possession of the condominium to the executrix, and evicting the decedent's second wife and the infant son. As we have held, "title to real property devised under the will of a decedent vests in the beneficiary at the moment of the testator's death (*see Waxson Realty Corp. v Rothschild,* 255 NY 332; *Barber v Terry,* 224 NY 334; *Matter of Payson,* 132 Misc 2d 949). Unless otherwise directed by the will, an executor takes no title to the property of the testator since title vests in the devisees subject to the necessities of administration of the estate (*see Matter of Rich,* 27 Misc 2d 364, 371). The power to sell the property, without the existence of a valid trust over the proceeds, vests no title in the executor. Rather, the property passes to the devisees subject to the execution of the power to sell by the executor (*Morse v Morse,* 85 NY 53, 58). Where a will directs an executor to divide the residue

into equal parts, title does not vest in the executor, nor does it preclude the vesting of absolute title in the devisee (*Matter of Rich, supra,* at 371). The executor's discretionary power to sell the property for purposes of distribution does not cause title to the real property to rest in the executor (*see Brandt v Stowe,* 20 Misc 2d 856, 858)" (*DiSanto v Wellcraft Mar. Corp.,* 149 AD2d 560, 562-563 [1989]).

In the instant proceeding, the decedent's will granted the executrix a general power to sell the condominium upon the decedent's death. The condominium, in which the decedent's second wife and the infant son now reside, was included in the residuary estate which, pursuant to a decree of the Surrogate's Court dated July 27, 2004, was directed to be divided amongst the infant son, the decedent's adult son from his first marriage, his adult daughter from his first marriage, his brother, and his sister. As such, the decedent's three children and two siblings were, upon his death, each vested with an undivided interest in the real property as tenants-in-common (*see Barber v Terry,* 224 NY 334 [1918]).

EPTL 11-1.1 (b) (5) (A) provides that "[i]n the absence of contrary or limiting provisions in the court order or decree appointing a fiduciary, or in a subsequent order or decree, or in the will, deed or other instrument, every fiduciary is authorized . . . [w]ith respect to any property or any estate therein owned by an estate or trust, except where such property or any estate therein is specifically disposed of . . . [t]o take possession of, collect the rents from and manage the same." There is no dispute that the condominium was not specifically disposed of in the decedent's will. Nonetheless, merely because a fiduciary, here the executrix, is "authorized" to take possession of real property, the statute cannot be read to compel a fiduciary to take possession in every case where real property is devised as part of a residuary estate (*see Matter of Owens,* 36 Misc 2d 1031, 1039 [1962]; *cf. Matter of Burstein,* 153 Misc 515). Moreover, the decedent's will expressly prohibits the sale or transfer of any interest in any estate created in favor of a beneficiary, and otherwise reveals no intent on his part that the devise to the residuary beneficiaries should be satisfied by a sale of the condominium (*see Barber v Terry, supra* at 338-339). In addition, the executrix made no showing that the sale of the condominium is necessary to the administration of the estate (*see Matter of Payson,* 132 Misc 2d 949, 950 [1986]; *cf. Matter of Ballesteros,* 20 AD3d 414, 415 [2005]), the Surrogate's Court made no finding of fact in this regard, and the record reveals that there are triable issues of fact as to whether a sale is necessary in any

event. Moreover, the executrix did not request the Surrogate's Court to grant her permission to sell the real property pursuant to SCPA 2107 in the first instance.

Because of the executrix's failure to make a prima facie showing of entitlement to judgment as a matter of law, the Surrogate's Court improperly granted summary judgment awarding her possession of the condominium, and evicting the decedent's second wife and infant son. To the extent that the infant son is entitled to remain in possession of the condominium, the decedent's second wife is entitled to continue residing in the condominium with the infant son as guardian of his property and guardian of his person.

The parties' remaining contentions are without merit. Schmidt, J.P., Krausman, Spolzino and Fisher, JJ., concur.