In the Matter of the Estate of Claire Katz, Deceased. Elyse Shavelson et al., Respondents; Sigmund Katz, Appellant. [869 NYS2d 542]—

In a proceeding to compel an estate accounting, the objectant appeals, as limited by his brief, from stated portions of a decree of the Surrogate's Court, Nassau County (Riordan, S.), dated December 7, 2007, which, upon a decision of the same court dated December 20, 2006, inter alia, (1) awarded the executors commissions on the sale of real property, (2) charged certain expenses associated with the sale of the real property to the estate, (3) awarded a legal fee in the sum of $10,000 to the executors' attorneys, (4) awarded him only a portion of the funds held in a joint bank account as part of his elective share, and (5) only awarded him interest on his elective share from seven months after the issuance of letters testamentary.

Ordered that the decree is affirmed insofar as appealed from, with costs.

Contrary to the objectant's contention, the executors were entitled to commissions on the sale of the subject real property. An executor is entitled to receive a commission for all sums of money and all property received and paid out (see SCPA 2307 [1]; Matter of Mattis, 55 Misc 2d 511, 513 [1967]). Generally, commissions are not payable on real property unless the real property is sold or otherwise transferred (see Matter of Zahoudanis, 205 AD2d 547, 548 [1994]; Matter of Baxter [Gaynor], 196 AD2d 186, 190 [1994]; Matter of Passuello, 184 AD2d 108, 112 [1992]; Matter of Moody, 125 AD2d 673, 674 [1986]). Here, as the objectant correctly contends, the real property passed to the executors, as residuary beneficiaries under the will, by operation of law (see Matter of Seviroli, 31 AD3d 452, 454 [2006]). However, the vesting of title was subject to the executors' duty to ensure that all debts and obligations of the estates were met (see Matter of Ballesteros, 20 AD3d 414, 415 [2005]; Matter of Skelly, 284 AD2d 336, 336-337 [2001]). The Surrogate's Court properly determined that the sale of the real property was necessary in order to pay the objectant his elective share (see EPTL 5-1.1-A [a] [2]) and that, therefore, the executors effected the sale in their capacities as executors. Furthermore, the Surrogate's Court correctly determined that certain

expenses associated with the sale were properly chargeable to the estate.

The Surrogate's Court bears the ultimate responsibility for deciding what constitutes a reasonable attorney's fee, and the evaluation of what constitutes a reasonable attorney's fee is a matter within the sound discretion of the court (*see Matter of Szkambara,* 53 AD3d 502 [2008]; *Matter of Gluck,* 279 AD2d 575, 576 [2001]; *Matter of Nicastro,* 186 AD2d 805 [1992]). Here, the Surrogate Court's award of a $10,000 legal fee to the executors' attorneys was a provident exercise of its discretion.

The Surrogate's Court also properly determined that a joint bank account in the names of the objectant and the decedent was a testamentary substitute within the meaning of EPTL 5-1.1-A (b) (1) (D). Since there is a conclusive presumption that a decedent contributed half the funds in a bank account held jointly with the surviving spouse (*see* EPTL 5-1.1-A [b] [2]), the Surrogate's Court properly determined that the objectant's elective share should be reduced by that amount (*see* EPTL 5-1.1-A [a] [4]).

Contrary to the objectant's contention, the Surrogate's Court providently exercised its discretion in awarding him interest on his elective share from seven months after the issuance of letters testamentary (*see Matter of Kasenetz,* 196 Misc 2d 318 [2003]; EPTL 11-1.5 [d], [e]).

The objectant's remaining contention is improperly raised for the first time on appeal (*see Matter of Rouson,* 32 AD3d 956, 959 [2006]). Rivera, J.P., Dillon, Covello and Angiolillo, JJ., concur.