72634552 Corp. v Okon (2020 NY Slip Op 07845)





72634552 Corp. v Okon


2020 NY Slip Op 07845


Decided on December 23, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 23, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
LEONARD B. AUSTIN
JEFFREY A. COHEN
COLLEEN D. DUFFY, JJ.


2019-07975

[*1]72634552 Corp., appellant, 
v
Joseph Okon, et al., respondents, et al., defendants. (File No. 2817/10)


Heslop & Dominique LLP, Brooklyn, NY (Garfield A. Heslop of counsel), for appellant.
Dipo Akinola, P.C., Brooklyn, NY, for respondents.



DECISION & ORDER
In an action, inter alia, for the partition and sale of real property, which was transferred from the Supreme Court, Kings County, to the Surrogate's Court, Kings County, the plaintiff appeals from an order and decree (one paper) of the Surrogate's Court, Kings County (Margarita López Torres, S.), dated November 26, 2018. The order and decree, upon an order of the same court dated May 25, 2018, denying the plaintiff's cross motion for summary judgment on the complaint and granting the motion of the defendants Joseph Okon and Yvette Applebaum Roussel, in effect, for summary judgment on their counterclaim to void the plaintiff's deed to the subject property, inter alia, granted the same relief to those defendants, and declared that the plaintiff's deed to the subject property is void and that the plaintiff has no interest in the subject property.
ORDERED that the order and decree is reversed, on the law, with costs, the motion of the defendants Joseph Okon and Yvette Applebaum Roussel, in effect, for summary judgment on their counterclaim to void the plaintiff's deed to the subject property is denied, and the order dated May 25, 2018, is modified accordingly.
The decedent, Mildred Applebaum, died on July 26, 2010, leaving a will that devised her entire estate in equal shares to her three children, the defendant Joseph Okon, the defendant Yvette Applebaum Roussel, and nonparty Pamela McKenzie. The will named Okon as the executor of the estate and gave him the power to, inter alia, retain or sell any estate property. The estate included the subject property, located in Brooklyn.
In June 2013, the plaintiff commenced this action for the partition and sale of the subject property, alleging that McKenzie conveyed her interest in the subject property to the plaintiff for $10,000 in August 2011. Okon and Roussel (hereinafter together the defendants) answered the complaint and asserted a counterclaim to void the plaintiff's deed to the subject property. The defendants thereafter moved, in effect, for summary judgment on their counterclaim. The plaintiff cross-moved for summary judgment on the complaint.
The Surrogate's Court denied the plaintiff's cross motion and granted the defendants' motion, determining, inter alia, that McKenzie's conveyance of her interest to the plaintiff was premature, wrongfully usurped the executor's powers, and thwarted the decedent's intent. In an [*2]order and decree dated November 26, 2018, the Surrogate's Court, inter alia, declared that the plaintiff's deed to the subject property is void and that the plaintiff has no interest in the property. The plaintiff appeals.
"Generally, title to real property devised under the will of a decedent vests in the beneficiary at the moment of the testator's death and not at the time of probate" (Matter of Raccioppi, 128 AD3d 838, 840 [internal quotation marks omitted]). "However, the vesting of title [is] subject to the executors' duty to ensure that all debts and obligations of the estate[ ] [are] met" (Matter of Katz, 55 AD3d 836, 836).
Here, the decedent's will, unequivocally and without limitation, devised McKenzie one third of the residuary estate, and this interest vested in McKenzie at the moment of the decedent's death (see Matter of Blango, 166 AD3d 767, 768; Matter of Raccioppi, 128 AD3d at 840; Matter of Seviroli, 31 AD3d 452, 453-454). Although the vesting of McKenzie's interest was "subject to the executor['s] duty to ensure that all debts and obligations of the estate[ ] were met" (Matter of Katz, 55 AD3d at 836), the defendants failed to establish, prima facie, that McKenzie's conveyance of her interest impeded the executor's duties, and thus, failed to establish, prima facie, that McKenzie's interest had not yet vested when she conveyed it to the plaintiff after the decedent's death (see Matter of Blango, 166 AD3d at 768; Matter of Seviroli, 31 AD3d at 453-454; cf. Matter of Katz, 55 AD3d at 836; Matter of Ballesteros, 20 AD3d 414, 415). Accordingly, we disagree with the Surrogate's Court's determination granting the defendants' motion, in effect, for summary judgment on their counterclaim to void the plaintiff's deed to the subject property.
However, we agree with the Surrogate's Court's determination denying the plaintiff's cross motion for summary judgment on the complaint, as the plaintiff also failed to establish its prima facie entitlement to a judgment as a matter of law. The record demonstrates that McKenzie was seriously ill and had been prescribed medication for her pain, and presents triable issues of fact as to whether McKenzie's illness and potential reliance on pain medication rendered her incapable of conveying her interest to the plaintiff, and whether the plaintiff coerced or exerted undue influence upon her (see Matter of Nurse, 160 AD3d 745, 747; Preshaz v Przyziazniuk, 51 AD3d 752, 753; Buckley v Ritchie Knop, Inc., 40 AD3d 794, 796).
The parties' remaining contentions are either improperly raised for the first time on appeal or without merit.
RIVERA, J.P., AUSTIN, COHEN and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court