Rainford Mgt. Corp. v 207 Van Buren, LLC (2023 NY Slip Op 01911)

Rainford Mgt. Corp. v 207 Van Buren, LLC

2023 NY Slip Op 01911

Decided on April 12, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 12, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
ROBERT J. MILLER
LINDA CHRISTOPHER
JANICE A. TAYLOR, JJ.

2020-03650
 (Index No. 508065/19)

[*1]Rainford Management Corporation, et al., appellants, 
v
207 Van Buren, LLC, respondent.

Andrew M. Krisel, Brooklyn, NY, for appellants.
Fidelity National Law Group, New York, NY (Joyce Davis of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, pursuant to RPAPL article 15 to quiet title to real property and for related declaratory relief, the plaintiffs appeal from an order of the Supreme Court, Kings County (Dawn Jimenez-Salta, J.), dated April 27, 2020. The order, insofar as appealed from, granted those branches of the defendant's motion which were for summary judgment dismissing the complaint and to cancel the notice of pendency filed by the plaintiffs.
ORDERED that the order is affirmed insofar as appealed from, with costs.
On April 10, 2019, the plaintiffs commenced this action, inter alia, pursuant to RPAPL article 15 to quiet title to real property and for a judgment declaring that, while there existed deeds conveying to the defendant certain real property located in Brooklyn (hereinafter the subject property), the plaintiffs owned an interest in the subject property. The defendant moved, among other things, for summary judgment dismissing the complaint and to cancel the notice of pendency filed by the plaintiffs. In an order dated April 27, 2020, the Supreme Court, inter alia, granted those branches of the defendant's motion. The plaintiffs appeal.
Here, the defendant demonstrated its prima facie entitlement to judgment as a matter of law dismissing the complaint by submitting evidence that the deed pursuant to which the plaintiffs claimed to have taken an interest in the subject property was ineffective (see SCPA 1902[6] and [7]; see generally Matter of Katz, 55 AD3d 836, 836; Matter of Ballesteros, 20 AD3d 414, 415). In opposition, the plaintiffs failed to raise a triable issue of fact. Accordingly, the Supreme Court properly granted those branches of the defendant's motion which were for summary judgment dismissing the complaint and to cancel the notice of pendency filed by the plaintiffs (see Soscia v Soscia, 35 AD3d 841, 843).
The plaintiffs' remaining contentions are either without merit or improperly raised for the first time on appeal.
RIVERA, J.P., MILLER, CHRISTOPHER and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court