## Bass et al. v. Adkinson et al.

Nov. 21, 1939.

H. F. S. Bailey for appellants.

Abner Johnston, Jr., for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE RATLIFF— Affirming.

J. H. Adkinson died testate, a resident of Hopkins county, Kentucky, on January 1, 1937, and his will was duly probated on February 1, 1937. By his will the testator directed that all his debts be paid and willed the remainder of his estate to his brother, Charlie Adkinson, except $20 which he willed to his daughter, "if she should be found." He named Charlie Adkinson as executor of his estate who qualified as such, but never filed any inventory or appraisement of the estate. It appears, however, from the pleadings and brief that

testator died the owner of 72 acres of land in Hopkins county of the value of about $4,000 and personal property of the value of about $250.

On April 28, 1937, Charlie Adkinson sold and conveyed the 72 acres of land willed to him by testator to the appellee E. H. Blakeley, and then moved to the State of California and has never made any settlement of his accounts as executor. On the same day that the deed was executed by Charlie Adkinson to Blakeley, the latter mortgaged the 72 acres of land to the Nortonsville Bank to secure a note of $1,000, which has never been paid.

On January 29, 1938, appellants instituted this action in the Hopkins circuit court for a settlement of the estate of J. H. Adkinson, deceased, making all creditors of the deceased parties thereto. It was alleged that the deceased at the time of his death owed the Federal Land Bank a note of $1,300, and the land bank commissioner another note for $500 secured by a mortgage on the 72 acres of land, and also owed appellants a note assigned to them by the Farmers Bank of White Plains for the sum of $1,453.16; also, owed appellants another note assigned to them by the same bank for $230.66. It was further alleged that at the time of the death of the testator he owed debts amounting to $4,585. The petition and petition as amended was in the usual form and substance of an action to settle estates, as provided in Section 429 of the Civil Code of Practice. It was further alleged that by the terms of the will directing that testator's debts should be first paid, the appellants and other creditors of testator's estate acquired a lien on the property owned by testator at the time of his death to secure the payment of their debts and which lien is prior and superior to all others except that of the Federal Land Bank of Louisville, Kentucky, and prayed that their lien be enforced against the real estate of testator and sold in satisfaction of their debts. The court sustained a demurrer to the petition and petition as amended and the plaintiffs refusing to plead further, judgment was rendered dismissing the petition. Plaintiffs appeal.

The trial court rendered no opinion or otherwise assigned any reasons for sustaining the demurrer to the petition. It appears, however, from argument in briefs of respective counsels that the court sustained the demurrer upon the grounds that E. H. Blakeley was a bona fide purchaser of the land for value and this action

was not filed within 12 months from the time the property descended or vested in the devisee, as provided in Section 2087 of the Kentucky Statutes, which reads as follows:

"When the heir or devisee shall alien, before suit brought, the estate descended or revised, he shall be liable for the value thereof, with legal interest from the time of alienation, to the creditors of the descendant or testator; but the estate so alienated shall not be liable to the creditors in the hands of a bona fide purchaser for valuable consideration, unless action is instituted within twelve months after the estate is devised or descended to subject the same."

The petition which was filed more than one year after the death of the testator sets out the date of the death of the testator, the date of probation of the will, and the date of conveyance of the land by Charlie Adkinson to Blakeley, and further specifically alleges that Charlie Adkinson and his wife, Grace Adkinson, by their deed duly executed and delivered by them, sold and conveyed the 72 acres of land to Blakeley, which deed was accepted by the latter and he is now the owner of said land subject to the payment of the debts of the plaintiffs and other creditors. It is not alleged, however, that Blakeley was not a bona fide purchaser for a valuable consideration.

It was incumbent upon the plaintiffs to plead the negative or exception in the statute which provides that an estate alienated shall not be liable to creditors in the hands of a bona fide purchaser for valuable consideration unless action is brought within the time provided in the statute, and in the absence of such allegation it will be presumed that the grantee was a bona fide purchaser for a valuable consideration.

Nor is there any argument in brief of plaintiffs (appellants here) that Blakeley was not a bona fide purchaser for value and it is virtually conceded that he was, and it is conceded that if the title to the estate was "devised or descended" to the devisee, Charlie Adkinson, upon the death of the testator, plaintiffs' action comes too late. It is insisted, however, that the title to the property did not descend to the devisees until the will was probated and that the action was brought within less than a year thereafter, although it was more than one

year after the death of the testator. It is thus seen that the only question presented in this appeal is whether title to property vests in devisees at the death of a testator or whether it is held in abeyance until the will is probated.

This presents no new question for this court. It is the well established rule that the rights and interests of legatees and devisees vest at the death of the testator, Payne v. Burks et al., 4 B. Mon. 492, 43 Ky. 492. See, also, Reid's Adm'r et al. v. Benge, 112 Ky. 810, 66 S. W. 997, 57 L. R. A. 253, 99 Am. St. Rep. 334, wherein the Payne case, supra, was referred to with approval, the court saying [112 Ky. 810, 66 S. W. 98]:

> "It was held as far back as 1827 in the case of Re Payne's Will, 4 T. B. Mon. [422] 423, that the interest of a devisee vested the instant of testator's death, * * *."

This principle seems to be fundamental and is in harmony with the textbook writers and the opinion of courts of all jurisdictions, so far as we are advised.

Appellants place great reliance upon the case of Turpin's Adm'r v. Stringer, 228 Ky. 32, 14 S. W. (2d) 189, 194. An analysis of that opinion reveals that the question there involved was the right of a creditor of the *devisee,* or *donee* to subject property devised or given to him to the payment of the debt of the devisee or donee before the will had been probated, or, before it was established that the devisee or donee was actually vested with title to the property sought to be subjected. In discussing that question the writer of that opinion said:

> "He [the creditor] would not then be entitled to recover the fund until the will as so executed was probated in the county court of Pulaski county, since it is a well-established rule that no property passes by devise, howsoever explicit the language, until the executed paper has been properly probated, * * *."

The quoted language standing alone might be somewhat confusing and appear to be in conflict with the authorities, supra. However, once that language is considered in connection with the facts and subject matter involved in that case, we think the writer of that opinion meant to say or had in mind that the interest in or title to the property devised or given to the debtor had not been proven or made manifest so as to enable the credi-

tor to seize it before the will had been probated, or the gift established. However, if it be conceded that that language should be given a literal construction so as to support appellants' contention, obviously it would be in direct conflict with the well established rule to the contrary, as enunciated in the authorities, supra, cited in support of our conclusion that the title to devised property vests in the devisee at the death of the testator.

Since appellants' action was not brought within one year after the death of the testator and, it not being disputed that appellee Blakeley was a bona fide purchaser for a valuable consideration, it follows that under the provisions of Section 2087 of the Statutes, appellants' action comes too late to subject the property so devised to the debts of the testator's creditors.

Judgment affirmed.