S. Samuel Di Falco, S.
The former wife of the testator presented a claim to the executrix based upon a separation agreement that was later approved in the divorce decree. The executrix rejected that claim. The petitioner now asks the court to direct the executrix to file her account. Under existing pro *44 cedure — partly revealed in the statute and partly worked out by judicial decisions (see 1963 Beport of Temporary State Commission on the Law of Estates, Beport No. 5.1B) — this rather complex procedure is the only one available to the holder of a rejected claim. (Matter of Puc, 37 Misc 2d 351, 352.)
The executrix challenges the petitioner’s status to demand an accounting on the ground that she is not ‘ ‘ a creditor or person interested in the estate or fund ” (Surrogate’s Ct. Act, § 259). The executrix further contends that the petitioner, having failed to commence an action in another court within three months of the rejection of her claim, is forever barred from beginning an action against the executrix on her claim (Surrogate’s Ct. Act, § 211). It should be noted that the section last cited says that “ in such case said claim shall be tried and determined upon the judicial settlement ’ ’, but inasmuch as the executrix, who is also the sole legatee, has no intention of ever seeking the judicial settlement of her account, she is in effect arguing that the petitioner is without any remedy to enforce her claim. Neither the Legislature nor the courts could have intended any such interpretation of the existing statutes.
The separation agreement made by the decedent and the petitioner in the year 1940 provided, inter alia, that upon the death of the husband, all his right, title and interest in certain real property in Quogue, including a “ frame house ” located on the premises, “ shall terminate and cease and that all such right, title and interest shall become immediately vested in the [petitioner] and that the same shall apply to all books of literature owned by the [decedent] at his death”. The land in Quogue had been leased by the owner to the decedent for a long period. The only lease in evidence is one running from November 1,1948 (eight years after the agreement) to October 31, 1964. It is conceded that the decedent was a lessee of the same land in 1940, although the terms of the earlier lease are not now before the court. The executrix points out that the present lease runs to both the decedent and to her (as his wife) as lessee and that it does not run to the decedent alone. Presumably the earlier lease (or leases) was in the name of the decedent alone.
The present lease — and presumably the prior one — authorized the decedent to erect a residence upon the land, and a residence has been built. The lease contains various provisions relating to the removal of the building or its reversion to the lessor, or its purchase by the lessor, and so forth, none of which require discussion at this time. In her proof of claim, the petitioner alleges that she is entitled to all books referred to in the separation agreement and to “ possession of decedent’s right, *45 title and interest in the aforesaid frame house, including all documents, evidences of title, leaseholds, etc. pertaining thereto, owned by the deceased at the time of his death. ’ ’ The executrix contends that the demand for specific books and all the decedent’s interest in the real property is not a demand for a money judgment and, therefore, the petitioner lacks the status of a creditor as that term is defined in the statute.
Section 259 of the Surrogate’s Court Act says that a petition for a compulsory judicial settlement of the accounts of an executor may be presented by “ a creditor or person interested in the estate or fund, or by any person on behalf of an infant so interested.” Section 314 of that act defines the term “ persons interested” in an estate or fund as including “ every person entitled, either absolutely or contingently, to share in the estate or the proceeds thereof, or in the fund, as husband, wife, legatee, next of kin, heir, devisee, assignee, grantee or otherwise except as a creditor.” (Subd. 10.) The same section defines the term “ debts ” as including “ every claim and demand upon which a judgment for a sum of money, or directing the payment of money, could be recovered in an action ” and the word “ creditor ” as including every person “having such a claim or demand, any person having a claim for expense of administration, or any person having a claim for funeral expenses ”. (Subd. 3.)
The terms “ creditor ” and “ person interested in the estate ” are together designed to cover every conceivable interest in the assets, other than the fiduciary’s title and interest. The term “person interested” is patently the broader one. It includes all those who are entitled to receive estate assets as legatee, devisee or distributee or as assignee, grantee “ or otherwise.” (Emphasis added.) The words “or otherwise ”, particularly when read with the specific exclusion of “ creditor ”, are broad enough in scope to include other claimants besides grantees and assignees, and would undoubtedly have included within their sweep even creditors if the latter had not been explicitly excluded. At least, such a broad interpretation must have suggested itself to the Legislature when it wrote the exclusion into the definition. It thus becomes immaterial whether we read the term creditor as including a promisee who seeks specific performance of the contract, or whether we classify such a claimant as a person who is “ otherwise ” entitled to share in the assets. One or the other term must be broad enough to include such a claimant under a written contract, and in either case the present claimant has status to compel the filing of the account.
As a separate defense to the demand for an accounting, the executrix contends that the provision in the separation agree *46 ment purporting to vest the decedent’s interest in the petitioner, represents an attempted testamentary disposition which is void because not executed in compliance with section 21 of the Decedent Estate Law. The court is not required at this point judicially to construe the instrument and to define all the respective rights and obligations of the parties under it. As this court has heretofore pointed out, all that petitioner need prove at the present stage of the proceeding is that prima facie she has such an interest as entitles her to be heard fully upon an accounting. (Matter of Puc, 37 Misc 2d 351, supra.) The court must determine, however, whether the instrument upon which the claim is based is, upon its face, wholly void and unenforcible.
The distinction between a completed conveyance of an interest in property and a revocable gift to take effect at death, has been the subject of discussion in McCarthy v. Pieret (281 N. Y. 407) and in the authorities therein cited. A contract to execute an assignment in the future or to bequeath property by will stands upon a different footing than an assignment itself or a will itself. Both parties concede the validity of such contracts.
The instrument upon which the petitioner sues is unquestionably a contract. There are several provisions in favor of the wife besides the one sought to be enforced here. Those provisions are promissory in nature and in expression. If we look only at the words themselves, there might be basis for a difference of opinion as to whether the text of the paragraph relating to the Quogue property was intended to express an immediate assignment of a future interest in a lease or to express a promise to vest the promisee with ownership by an appropriate instrument in the future. The words, however, must be viewed in their setting. Bead against the background of the separation and the impending divorce, what is perfectly clear is that there was no intent on the part of either party to the separation agreement to make that provision revocable at the whim of the husband. In Ga Nun v. Palmer (216 N. Y. 603) the Court of Appeals considered an instrument that was in part promissory and, in the view of the lower court, was in part testamentary in character. The disposition of the latter argument by the Court of Appeals might with some changes of wording, dispose of a like argument in this case. Speaking of the two parts of the instrument, the Court of Appeals said (p. 609): “ The first clause, it is said, is part of a contract; the second, part of an informal will. The first, it is said, gives rise to an irrevocable obligation; the second is the expression of a transitory purpose, which may be canceled over night. We find no warrant for this dismemberment of the con *47 tract. * * * There is nothing to show that one part of this reward was to be irrevocable, and that another was to be revocable. Each promise in its entirety is the consideration for the other. It makes no difference in snch circumstances that part of the reward is payable after death. The character of the promise is not changed by the time fixed for its performance ”.
In the pending case, the husband’s promises were intended to be submitted in the future to a court as a basis for its judgment fixing the extent of the wife’s right to support and the limit of the husband’s obligations towards her. No part of this contract was intended to be revocable at the option of the husband. Each paragraph was intended to impose a binding obligation upon one party or the other. The settlement of the differences between husband and wife were intended to be final and irrevocable. Both parties must have understood that the decedent had only a leasehold interest in the property at Quogue, that a lease had a fixed term, and that the husband’s obligation to the petitioner must relate to his interest at the time of his death and not merely to the interest then held by him. It would, therefore, hardly be reasonable to suppose that the parties intended an immediate assignment of a future interest in a then existing lease which might expire (as in fact it did) long before the decedent’s death. Nor would it be reasonable to suppose that the parties intended the provision to operate as a testamentary bequest, ambulatory in character and subject to revocation at the mere whim of the husband. Such an interpretation becomes even less tenable when we note that the very same paragraph which is now challenged, contains other promises by the husband with respect to the wife’s occupancy of the Quogue premises during one month each Summer, promises which under no fair reading of the text could be construed as anything other than contractual in nature.
The court reads the challenged sentences as merely defining rights and obligations of the contracting parties. The provision was not intended as a conveyance, an assignment or a bequest. It was promissory in nature; not an execution of a promise. It was not intended as a specific bequest or devise. It is not required to be executed in conformity with the statute of wills. The second affirmative defense of the executrix is overruled.
There is no merit in the third affirmative defense, and it is overruled.
An argument was advanced during the hearing that the court lacked jurisdiction because the demand was for specific enforcement of an agreement to convey, real property. A decedent’s interest under a lease is deemed an “ asset” of the decedent *48 which passes to his executor and is to be administered ‘ ‘ as part of the personal property of the testator ’ ’. (Surrogate’s Ct. Act, § 202.)
It is to be noted that the parties herein were not willing to stipulate that the court try the claim on the merits (cf. Matter of Segall, 287 N. Y. 52, 57). Under existing procedure, therefore, the court may make only the preliminary finding and direct the filing of an account. The order to be entered herein will direct the filing of an account within 60 days.