Leonard S. Nichols, Sr., et al., Appellants, v Hartford Fire Insurance Co. et al., Respondents.

Third Department, March 23, 1978

APPEARANCES OF COUNSEL

*Ingram & Ingram (Roger B. Linden* of counsel), for appellants.

*Bouck, Holloway & Kiernan (Francis J. Holloway* of counsel), for Hartford Fire Insurance Company, respondent.

*Hiscock, Lee, Rogers, Henley, & Barclay* for Foster-Weekes Agency, Inc., respondent.

### OPINION OF THE COURT

SWEENEY, J.

Plaintiffs acquired a painting in 1972 for $5 and a Seth Thomas mantle clock. The painting was subsequently insured by plaintiffs through defendant Hartford Fire Insurance Co. (Hartford), the amount of insurance being $35,000. In 1974 the painting allegedly fell from a broken hanger and was damaged. Plaintiffs claimed payment from Hartford and their claim was rejected. This suit was then commenced by plaintiffs who moved for partial summary judgment as to their first cause of action. Plaintiffs' motion was denied based upon the presence of disputed factual issues and this appeal ensued.

██ Plaintiffs do not deny the presence of factual issues. It is their contention, however, that Special Term erred in denying their motion for partial summary judgment to have the policy in question declared a "valued policy", rather than an "open policy". Partial summary judgment, where warranted, may be granted as to a part of a cause of action (CPLR 3212, subd [e]). In our view, the interpretation of the policy concerning whether or not it is a valued policy is a question of

law for the court *(Hartford Acc. & Ind. Co. v Wesolowski,* 33 NY2d 169).

■ ■ Where the parties have agreed upon the value of the insured property in the event of future loss, the policy is said to be a valued policy *(Naiman v Niagara Fire Ins. Co.,* 285 App Div 706). In the personal property indorsement attached to the policy in question in the present case, the painting is listed under "Fine Arts" and across from the description of the painting is the amount of insurance fixed at $35,000. Paragraph 1 under "Special Conditions" in this indorsement is entitled "Fine Arts" and contains the statement that: "[T]his Company shall not be liable for more than the amount set opposite the respective articles covered hereunder, which amounts are agreed to be the value of said articles." It is the opinion of this court that this clause establishes the policy as a valued policy. Another clause in the indorsement, which is concerned with valuation and relied upon by defendants, would only come into operation when there is less than a total loss *(Lee v Hamilton Fire Ins. Co.,* 251 NY 230).

■ ■ Generally, when a policy is a valued one, the liability of the insurer is fixed and the agreed upon value of the property is conclusive on the parties *(Lee v Hamilton Fire Ins. co., supra).* This is so, however, only where the *bona fides* of the transaction are not assailed and neither fraud nor mistake is charged *(Michael v Prussian Nat. Ins. Co.,* 171 NY 25; *Naiman v Niagara Fire Ins. Co., supra).* In the present action, mistake as well as fraud on the part of plaintiffs, is alleged. There is also a question of whether or not the damage to the painting rendered it a total loss. Questions of fact necessitating a trial have thus been raised precluding the granting of summary judgment to plaintiffs on their first cause of action. It is significant, however, that here plaintiffs are seeking only partial summary judgment, and the narrow issue of whether the policy is a valued one may be ascertained from a reading of the policy which, in our view, is unambiguous. Even if there were an ambiguity, it would be resolved against the insurer *(Michael v Prussian Nat. Ins. Co., supra).* Consequently, partial summary judgment should have been granted declaring the policy to be a valued one.

The order should be reversed, on the law, without costs; plaintiffs' motion for partial summary judgment should be granted to the extent of declaring the insurance policy respecting the painting to be a valued policy.

MAHONEY, P. J., KANE, MAIN and LARKIN, JJ., concur.

Order reversed, on the law, without costs; plaintiffs' motion for partial summary judgment granted to the extent of declaring the insurance policy respecting the painting to be a valued policy.