OPINION OF THE COURT
C. Raymond Radican, J.
In this estate, a proceeding to compel the executors to account has been commenced by a grandson whose legacy of $25,000 has been held by the executors as donees of a power during minority.
In response the executors have filed a petition and proposed accounting covering only their management of the $25,000 legacy whereas the grandson requests the executors be required to file an accounting covering the entire estate. The limited account was initially not accepted for filing by the accounting clerk but submitted to the court for entertainment. Both the compulsory and proposed voluntary accounting proceedings have been consolidated, memoranda filed, and the matter submitted for decision.
The decedent, whose death occurred more than 18 years ago, was survived by his wife, the income beneficiary of two trusts under the will, and two sons who have succeeded to the remainders of such trusts upon the wife’s death in 1980. The two sons, the father and uncle of the petitioner, are the surviving executors and trustees under the will.
The memorandum filed by the executors recites that the testamentary estate consisted principally of a realty holding company (valued at $441,500), and a closely held *495 business (valued at $129,510.43) which interests were retained by the executors. The estate was apparently largely illiquid and estate taxes were paid in installments from income earned as were debts and administration expenses. Payment of legacies it is said were deferred. The will authorizes the executors and trustees to continue any business and to keep invested in such business any portion of the estate for such length of time as they deem proper. In addition they are given similar powers to retain other assets such as real estate as investments.
While the executors concede they did not collect the $25,000 legacy as donees of a power during minority, they resist a full accounting of the estate dating back to the decedent’s death in 1966 as onerous and unnecessary since they are presently prepared to pay the legacy together with whatever interest would be found due. The grandson, however, contends that the executors used the funds allocable to his legacy in the family business and real estate “for their own benefit” and are therefore liable to him for any profits realized.
Normally, legacies are payable seven months after issuance of letters testamentary (EPTL 11-1.5; Matter ofMatz, 12 Misc 2d 966) unless otherwise directed by the testator or required by the circumstances of the estate (Empire Trust Co. v Raynolds, 31 Misc 2d 431; Matter of Hackett, 130 Misc 339). In addition a legacy is generally payable in cash (Villard v Villard, 219 NY 482; Matter of Umpleby, 43 Misc 2d 932). Certainly if the executors and trustees had liquidated the major assets of the estate there would have been cash sufficient to fund the $25,000 legacy. Presumably it was their option under the will to continue the estate’s investments in the closely held business and realty holding company. They cannot now be heard to complain that the petitioner demands an accounting by them of the entire estate in order to determine his proportionate interest therein. SCPA 2212 states: “No profit shall be made by a fiduciary by the increase nor shall he sustain any loss by the decrease of loss without his fault of any part of the estate, but he shall be charged with the increase and credited for the decrease or loss on the settlement of his accounts”.
*496 Entertainment of the proposed account is refused and the executors directed to file and proceed to judicially settle an account encompassing the entire estate within 30 days of the date hereof or a 10-day compulsory order to account will issue without notice.