■ In the Matter of the Estate of RICHARD J. YARM, Deceased. ARNOLD COHEN et al., Appellants; NEAL YARM, Respondent.—In a proceeding for the judicial settlement of the account of the executors of a decedent's estate, the appeals are from an order of the Surrogate's Court, Suffolk County (Signorelli, S.), entered December 18, 1984, which denied the separate motions of the coexecutors for summary judgment.

Order affirmed, with costs, payable by the appellants personally.

Whether the conduct of a fiduciary measures up to the appropriate standards of prudence, vigilance and care is normally a question of fact to be determined by the trial court (see, Matter of Clarke, 12 NY2d 183, 186; Matter of Hubbell, 302 NY 246, 258). In this case, there are issues of fact concerning the possible liability of the coexecutors for losses suffered by the estate due to the delay in selling certain shares of stock.

The coexecutors contend that there can be no liability as a matter of law for estate losses incurred during the period after the decedent's death and before the issuance of letters testamentary. It is true that pursuant to EPTL 11-1.3, the coexecutors had no power prior to issuance of letters testamentary to dispose of the stock. However, since the authority of an executor is derived from the will, not from the letters issued by the Surrogate (see, Hartnett v Wandell, 60 NY 346), the coexecutors did have a duty during this period to preserve the estate assets to insure that they were protected for the persons eventually entitled to receive them (see, EPTL 11-1.3; 2A Warren's Heaton, Surrogates' Courts § 167, para 3 [6th ed]). Here, the objectant has alleged that the coexecutors were aware of the danger of a substantial decrease in value of the stock, yet failed to promptly seek preliminary letters testamentary or temporary administration, or take any other

measures to prevent loss to the estate, and that their conduct was motivated by their own conflicting interests. Under these circumstances, we find that there are issues of fact concerning the reasonableness of the measures taken by the coexecutors to preserve the estate property prior to the issuance of letters testamentary, and, therefore, that summary judgment was properly denied. Summary judgment is particularly inappropriate where, as here, there is a possibility that an executor's conduct was influenced by a conflict of interest (see, Matter of Horowitz, 297 NY 252; Matter of Tannenbaum, 20 AD2d 808, affd 15 NY2d 829; Matter of Bruches, 67 AD2d 456). Thompson, J. P., Rubin, Lawrence and Kunzeman, JJ., concur.