*950 OPINION OF THE COURT
C. Raymond Radican, J.
This petition brought by the U. S. Trust Company as preliminary executor requests authorization to advance funds out of the income of the estate to pay for the maintenance of specifically devised real property pending a trial of the contested probate proceeding.
The property which is the subject matter of this proceeding comprises three parcels located, respectively, in Kobe Sound, Florida, Lexington, Kentucky, and Sands Point, New York, that were devised by the decedent to his wife, Virginia Kraft Payson, and a parcel in Falmouth Foreside, Maine, that was devised to John W. Payson, decedent’s son.
Under the law prevailing in this jurisdiction, title to real property devised under the will of a decedent vests in the beneficiary at the instant of the testator’s death (Waxson Realty Corp. v Rothschild, 255 NY 332; Matter of American Museum of Natural History, 17 Misc 2d 855, 857). Since title passes by reason of the will and not its probate (Corley v McElmeel, 149 NY 228; Bouton v Fleharty, 215 App Div 180, affd 242 NY 591), the devisee is entitled to possession from the moment of the testator’s death (Barber v Terry, 224 NY 334, 339; Matter of Schroder, 176 Misc 1024, 1027). An executor, for this reason, may not manage real property specifically devised (see, EPTL 11-1.1 [b] [5]) unless such action is necessary for payment of administration and funeral expenses (SCPA 1902). Consequently, Mrs. Payson, as presumptive owner of Sands Point, is chargeable with the responsibility for its care and upkeep. The same is true with respect to the farm in Lexington, Kentucky, as the law there is identical to that in New York (see, e.g., Stewart v Morris, 313 Ky 424, 427, 231 SW2d 70, 71-72; Bass v Adkinson, 280 Ky 548, 551, 133 SW2d 921, 922-923).
The law in Florida is similar to that in Maine, both States having adopted modified versions of the Uniform Probate Code. Each differ from that in New York. The Florida statute (Fla Stats Ann § 733.607) provides: "Except as otherwise provided by a decedent’s will, every personal representative has a right to, and shall take possession or control of, the decedent’s property, except the homestead, but any real property or tangible personal property may be left with, or surrendered to, the person presumptively entitled to it unless possession of the property by the personal representative will be necessary *951 for purposes of administration * * * The personal representative shall take all steps reasonably necessary for the management, protection, and preservation of the estate until distribution.”
Maine Revised Statutes Annotated, title 18-A, § 3-709, which follows the Uniform Probate Code, does not exclude homesteads from its purview as does its Florida counterpart. Otherwise, the two statutes are virtually identical. In each of these States the personal representative may surrender possession of real property to its presumptive owner unless needed to pay administration expenses, and under their respective statutes the personal representative is chargeable with taking all steps reasonably necessary for the management, protection and preservation of the estate until distribution. Here, the petitioner has previously tendered possession of the Florida property to Mrs. Payson, which she accepted, and has extended the same offer to decedent’s son with respect to the Maine property.
The petition alleges Mrs. Payson’s assets are largely illiquid, and may be insufficient to cover the maintenance cost of the three properties. Petitioner also makes reference to the possibility that another person may acquire title should the objectants be successful in their challenge of the will. For these reasons, petitioner is concerned that Mrs. Payson may forego the proper upkeep of the properties. In that event, and should some other person ultimately acquire title, petitioner is fearful of being held liable for loss or damage occasioned by the failure to maintain the real estate and cause an asset to waste.
Initially, petitioner resolved its problem by orally agreeing to pay basic maintenance expenses out of the income of the residuary estate, of which Mrs. Payson is the income beneficiary during her life, and treating such payments as a loan to Mrs. Payson at an interest rate 1% over the prime rate charged by petitioner.
The making of such advances is not a power conferred upon the estate representative under the will or by statute (EPTL 11-1.1) and once petitioner realized that the will contest would be protracted, it reduced the agreement with Mrs. Payson to writing, and later informed her continuation of the payments was conditioned on obtaining court approval.
On this application, petitioner has offered to include John W. Payson, the devisee of the Maine property, in the agree *952 ment upon the same terms and conditions. The answer interposed by John W. Payson alleges his personal assets are sufficient to repay any advances, but states the petitioner’s tender of the property to him is the subject of a proceeding before the Probate Court of Cumberland County, Maine. The branch of the application to extend the agreement to John W. Payson is accordingly severed, and its determination deferred until the application before the court in Maine is decided.
Although research has not uncovered any reported New York decision holding a fiduciary liable for damage caused to real property by a devisee who was later ousted when the will was denied probate, provisions in the statutes of Florida and Maine (Fla Stats Ann § 733.607; Me Rev Stats Ann, tit 18-A, § 3-709) require the personal representative to protect and preserve the property unless properly surrendered.
Fiduciaries should seek an order from the court pursuant to EPTL 11-1.1 (c) to protect themselves under such a dilemma. The court, insofar as it appears that no harm will occur whether contestants win or lose, discerns no reason to deny the application. The parties themselves it may be observed voice no objection except to the extent of requesting that petitioner post security. With respect to that issue, it would appear the interest of Mrs. Payson in her husband’s estate even should the will fail to be admitted to probate is sufficient to dispense with the posting of security (cf. Estate of Milbank, NYLJ, Mar. 25, 1975, p 16, col 1, mod on other grounds 49 AD2d 848 [bond required as right to elective share contested on basis of alleged abandonment]).
The application is accordingly granted. (EPTL 11-1.1 [c].)