■ In the Matter of the Estate of KATHERINE TORRICINI, Deceased. EDWARD C. STAINTON et al., Appellants; SALLY CLEAVER, Respondent. [671 NYS2d 115] —In a proceeding for advice and direction to sell certain real property, the petitioners appeal, as limited by their brief, from so much of (1) an order of the Surrogate's Court, Orange County (Slobod, S.), dated

November 6, 1996, as denied their application for an order authorizing the sale of the subject real property, and (2) an order of the same court, dated March 3, 1997, as, in effect, upon reargument, adhered to the prior determination.

Ordered that the appeal from the order dated November 6, 1996, is dismissed, as that order was superseded by the order dated March 3, 1997, made, in effect, upon reargument; and it is further,

Ordered that the order dated March 3, 1997, is affirmed insofar as appealed from; and it is further,

Ordered that the respondent is awarded one bill of costs payable out of the estate.

The will at issue in this case specifically devised the subject real property to the decedent's three children in equal shares to "hold such property as tenants-in-common or divide it amongst themselves in such fashion as they shall agree". The will further provided that in the event they could not agree, then "the decision made by a majority of them in good faith and after careful consultation with the others shall be final and binding on all persons interested in my estate". Reading the will as a whole and construing its language in accordance with its plain meaning (*see generally, Matter of Gustafson*, 74 NY2d 448; *Matter of Jones*, 38 NY2d 189; *Matter of Thall*, 18 NY2d 186), we agree with the Surrogate that title to the subject real property passed directly to the decedent's children at the time of her death. Accordingly, the Surrogate properly declined to retain jurisdiction over any issues concerning the partition or sale of the specifically-devised property, since it was not part of the administrable estate (*see, Matter of Burke*, 129 Misc 2d 145), and a sale of the premises pursuant to SCPA 1902 (6) or (7) would be neither authorized nor warranted.

We have considered the petitioners' remaining contentions and find them to be without merit. O'Brien, J. P., Thompson, Sullivan and Pizzuto, JJ., concur.