■ In the Matter of the Estate of MATTHEW SKELLY, Deceased. ROXANNE PROVENCE, Appellant; MILDRED ORENGA, Respondent. [725 NYS2d 666] —In a proceeding to settle the account of the petitioner, the former executor of the decedent's estate, the petitioner appeals from so much of an order of the Surrogate's Court, Queens County (Nahman, S.), dated August 1, 2000, as denied that branch of her motion which was for summary judgment dismissing the first, third, fourth, sixth, seventh, and eighth objections filed by the objectant, Mildred Orenga.

Ordered that the order is affirmed insofar as appealed from, with costs payable by the appellant personally.

Contrary to the petitioner's contentions, the Surrogate's Court properly denied that branch of her motion which was for summary judgment dismissing the first, third, fourth, sixth, seventh, and eighth objections. All of the objections related to the decedent's real property, which was bequeathed to the objectant under the will.

An executor is a fiduciary who owes "a duty of undivided loyalty to the decedent and ha[s] a duty to preserve the assets of the estate * * * entrusted to them" (*Matter of Donner,* 82 NY2d 574, 584). In addition, an executor's duties are derived from the will itself, not from the letters issued by the Surrogate (*see, Hartnett v Wandell,* 60 NY 346; *Matter of Yarm,* 119 AD2d 754). The determination as to whether the executor's conduct measures up to the appropriate standards of prudence, vigilance, and care is generally an issue to be determined by the trier of fact (*see, Matter of Epstein,* 277 AD2d 452).

Here, the will directed the executor to marshal all of the assets of the estate and, in the event administrative costs, taxes, and debts exceeded the funds of the estate, the real property bequeathed to the objectant was to be sold and used to pay these expenses. The petitioner was notified at the decedent's funeral in May 1995 that she had been named executor. It is undisputed, however, that the petitioner failed to probate the will until November 1996, over one year after the decedent's death. During that time, the premises were allegedly vandalized and damaged.

Although legal title to the property may have vested with the objectant upon the death of the decedent (*see, Matter of Torricini,* 249 AD2d 401, 402; *DiSanto v Wellcraft Mar. Corp.,*

149 AD2d 560, 562; *Matter of Payson,* 132 Misc 2d 949, 950), the executor had a duty to ensure that all administrative expenses, funeral costs, and other debts were paid (*see, Matter of Donner, supra,* 584; *Matter of Yarm, supra,* at 754). Here, there are issues of fact as to whether the petitioner failed to assess the assets of the estate and neglected to preserve the premises prior to probate. Thus, the petitioner failed to establish her entitlement to judgment as a matter of law, and denial of summary judgment was appropriate. Santucci, J. P., Goldstein, Feuerstein and Crane, JJ., concur.