■ In the Matter of the Estate of RAFFAELE LUPOLI, Also Known as RAPHAEL LUPOLI, Deceased. PETER LUPOLI, Respondent; MATTHEW M. LUPOLI, Appellant. [775 NYS2d 536]—

In a proceeding for the judicial settlement of a final account, the objectant, Matthew M. Lupoli, Jr., appeals, as limited by his brief, from so much of an order of the Surrogate's Court, Queens County (Nahman, S.), dated August 30, 3002, as granted that branch of the petitioner's motion which was for summary judgment dismissing so much of the first counterclaim as sought a compulsory accounting of income received with respect to certain parcels of real property, which were not specifically devised by the decedent's will, and as denied that branch of his cross motion which was for summary judgment on that part of the first counterclaim.

Ordered that the order is modified, on the law, by adding to the end of the third subparagraph of the decretal paragraph the words "without prejudice to the filing of a petition to compel an accounting by Matthew M. Lupoli for the rents collected by the Administrator, C.T.A., for the real property that was not specifically devised"; as so modified, the order is affirmed insofar as appealed from, with costs payable by the petitioner personally.

In this proceeding for the judicial settlement of a final account, the objectant-appellant, inter alia, counterclaimed for a compulsory accounting of income received with respect to certain parcels of real property. The Surrogate determined, inter alia, that the appellant was entitled to seek such an account as to only one of the parcels, which was specifically devised by the will, and that such relief must be sought by way of a petition for a compulsory accounting (*see* SCPA 2205), not by way of a counterclaim in this proceeding. The appellant, as limited by his brief, appeals from so much of the Surrogate's determination as dismissed his counterclaim as to the remaining parcels, which were not specifically devised by the will.

Contrary to the Surrogate, we conclude that the appellant was entitled to seek a compulsory accounting as to the parcels of real property that were not specifically devised by the will (*see* SCPA 2205 [1] [b]; *see also* SCPA 103 [8], [19], [39]; *Matter of Robinson,* 39 Misc 2d 43, 45 [1963]; 4 Warren's Heaton, Surrogates' Court § 68.07 [3] [e]; [22] [b] [6th rev ed]; *see also Matter of Cunniff,* 272 NY 89 [1936]; *Waxson Realty Corp. v Rothschild,* 255 NY 332, 336 [1931]; *Matter of Skelly,* 284 AD2d 336 [2001]; *Matter of Torricini,* 249 AD2d 401 [1998]; Turano and Radigan, New York Estate Administration § 17.01 [2003 ed]; 38 NY Jur 2d, Decedents' Estates § 58). However, the claim for an accounting must be asserted as a separate proceeding rather than as a counterclaim. Accordingly, we modify the order.

Contrary to the petitioner's contention, this Court did not determine in a prior appeal (*Matter of Lupoli,* 275 AD2d 780 [2000]) the issue of the appellant's standing to seek such a compulsory accounting (*see J & A Vending v J.A.M. Vending,* 303 AD2d 370 [2003]).

In light of our determination, we need not address the appellant's constitutional arguments. Ritter, J.P., Smith, H. Miller and Goldstein, JJ., concur.