[863 NYS2d 1]

In the Matter of WINFORD KENT BISHOP, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, June 24, 2008

### APPEARANCES OF COUNSEL

*Alan W. Friedberg, Chief. Counsel, Departmental Disciplinary Committee*, New York City (*Joseph J. Hester* of counsel), for petitioner.

*Winford Kent Bishop*, respondent pro se.

### OPINION OF THE COURT

Per Curiam.

Respondent, Winford Kent Bishop, was admitted to the practice of law in the State of New York by the First Judicial Department on April 23, 1968, and was admitted to the practice of law in the State of Georgia in 1971. At all times relevant herein, he has resided and practiced law in Georgia.

The Departmental Disciplinary Committee now seeks an order pursuant to Judiciary Law § 90 and 22 NYCRR 603.3 disbarring respondent from the practice of law, predicated upon similar discipline imposed by the Supreme Court of Georgia, or in the alternative an order sanctioning respondent as this Court deems appropriate.

In 1991, a former client and his new attorney filed two disciplinary complaints against respondent in Georgia. The Georgia State Bar sent two notices of investigation via certified mail to his address of record, his office address. They were

forwarded to a post office box respondent had supplied as a change of address, and the post office left notices in the box on two separate occasions, but the notices of investigation were eventually returned to the State Bar as unclaimed. Thereafter, the State Bar attempted personal service on respondent at his office address, but was unsuccessful. In April 1992, the State Bar sent copies of the notices to the office address via registered mail, but they were returned by the post office.

Subsequently, the Investigative Panel of the State Disciplinary Board issued a notice of discipline, recommending respondent's disbarment as the appropriate sanction for his: refusal to withdraw after being discharged by a client, failure to promptly return unearned attorney's fees, revelation of client confidences without authority and to the detriment of the client, acceptance of compensation from a third party for legal services without the client's consent, contacting a party whom he knew was represented by counsel, and failure to respond in the disciplinary matter. The notice of discipline was filed with the Georgia Supreme Court, and the sheriff attempted personal service on respondent at his office, but was unsuccessful. The notice was also sent by registered mail to the office address, was then forwarded to respondent's post office box, and eventually returned to the State Bar as unclaimed. On January 8, 1993, the Georgia Supreme Court, finding that respondent had failed to reject the notice of discipline within 23 days, as provided by the Georgia bar rules, adopted the notice of discipline as a final order and disbarred respondent (see *Matter of Bishop*, 262 Ga 656, 424 SE2d 785 [1993]).

After reading of his disbarment in a newspaper, respondent objected on the ground of, inter alia, lack of service. The Georgia Supreme Court appointed a special master, who took the testimony of respondent, as well as two post office employees regarding the notices placed in respondent's post office box. The special master found that the State Bar had fully complied with the applicable notice requirements, and a review panel agreed, as did the Georgia Supreme Court. The Supreme Court also determined that respondent had been accorded due process, because the State Bar was entitled to rely on the address of record he had supplied, he never informed the bar of a change of address, and at least six notices were placed in his post office box, which he admitted was his official address and claimed to have checked at least three times per week. In addition, respondent conceded that he was aware that two grievances against

him were actively under investigation. Those facts, combined with other evidence of respondent's pattern of failing to claim registered mail caused the Supreme Court to infer that he knew of the disciplinary notices and deliberately ignored them (*see Matter of Bishop*, 264 Ga 241, 442 SE2d 734 [1994], *cert denied* 513 US 987 [1994]).

Based on his disbarment by the Georgia Supreme Court, respondent was reciprocally disbarred by the U.S. Courts of Appeals for the 5th and 11th Circuits, and the Northern District Court of Georgia.

While respondent asserts that he informed the Departmental Disciplinary Committee of his disbarment over the telephone in 1994, the Committee has no record of such an oral notification, and did not learn of the Georgia disbarment until September 2007, when it received a copy of the order from the Georgia State Bar, or of the federal reciprocal disbarments until respondent's answer in the instant proceeding.

In a proceeding seeking reciprocal discipline pursuant to 22 NYCRR 603.3, the respondent is precluded from raising any defenses except: (1) lack of notice constituting a deprivation of due process; (2) an infirmity of the proof presented to the foreign jurisdiction; or (3) the misconduct for which the attorney was disciplined in the foreign jurisdiction does not constitute misconduct in this state (*see Matter of Hoffman*, 34 AD3d 1, 2-3 [2006]).

There is nothing in the record to support respondent's claim that he was denied due process in Georgia for lack of proper service. As outlined, supra, and as found by the Georgia Supreme Court, the 5th Circuit, the 11th Circuit, and the Northern District of Georgia, respondent was accorded due process in the Georgia disciplinary proceeding (*see* 22 NYCRR 603.3 [c] [1]).

Based on the detailed complaint by respondent's former client alleging multiple instances of violations of several disciplinary rules, and respondent's failure to object, it cannot be said that there was an infirmity of proof in the foreign jurisdiction (*see* 22 NYCRR 603.3 [c] [2]).

Respondent does not deny that the provisions under which he was disciplined in Georgia are essentially identical to the Disciplinary Rules in the New York Code of Professional Responsibility (*see* 22 NYCRR 603.3 [c] [3]).

With respect to sanction, the state where respondent resided and practiced law at the time of the offenses has the greatest

interest (*see Matter of Hatton*, 44 AD3d 49, 52 [2007]), and the sanction imposed by Georgia is appropriate under the circumstances (*see Matter of Burton*, 39 AD3d 46 [2007], *lv denied* 9 NY3d 818 [2008]).

Accordingly, the Committee's motion to impose reciprocal discipline on respondent pursuant to 22 NYCRR 603.3, based on the discipline ordered by the Supreme Court of Georgia, should be granted, respondent disbarred from the practice of law in the State of New York, effective immediately, and his cross motion to dismiss denied.

MAZZARELLI, J.P., ANDRIAS, WILLIAMS, BUCKLEY and ACOSTA, JJ., concur.

Respondent disbarred, and his name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective the date hereof. Cross motion for dismissal of petition denied.