■ In the Matter of IRENE B. MARSH, Deceased. BANK OF NEW YORK, Appellant-Respondent; LOS ANGELES COUNTY PUBLIC ADMINISTRATOR, as Limited Administrator of the Estate of ADRIENNE MARSH LEFKOWITZ, Deceased, Respondent-Appellant. McCARTHY FINGAR LLP, Nonparty Appellant-Respondent. [966 NYS2d 456]—

In a probate proceeding in which the executor of the estate of Irene B. Marsh petitioned for the judicial settlement of its final and supplemental accounts, (1) the petitioner and the nonparty McCarthy Fingar LLP, appeal, as limited by their notice of appeal and brief, from so much of a decree of the Surrogate's Court, Westchester County (Scarpino, Jr., S.), dated June 5, 2009, as, upon a decision of the same court dated April 16, 2009, made after a nonjury trial, granted certain objections of the objectant, Adrienne Marsh Lefkowitz, to the extent of directing the petitioner to pay (a) the objectant a surcharge pertaining to the petitioner's handling of the decedent's tangible personal property in the sum of $274,855 plus 9% interest from July 22, 1996, less certain amounts, (b) the objectant a surcharge in the amount of 9% interest on certain distributions the petitioner made to a sub-account f/b/o Adrienne Marsh Lefkowitz less any

interest actually earned and paid to the objectant, and (c) a surcharge in the amount of 9% interest on certain disallowed legal fees which the nonparty McCarthy Fingar LLP, was directed to repay to the estate or to the objectant; the Los Angeles County Public Administrator, as limited administrator of the estate of the objectant, Adrienne Marsh Lefkowitz, cross-appeals from stated portions of the same decree which, inter alia, denied her objections to the payment of commissions to the petitioner, and (2) the petitioner appeals from so much of an amended decree of the same court dated October 6, 2009, as amended the decree by deleting the fourth decretal paragraph thereof and substituting therefor a provision directing the petitioner to pay the objectant a surcharge pertaining to the petitioner's handling of the decedent's tangible personal property in the sum of $274,855 plus 9% interest from July 22, 1996, less certain amended amounts.

Ordered that the petitioner's appeal from so much of the decree as directed it to pay the objectant, Adrienne Marsh Lefkowitz, a surcharge pertaining to the petitioner's handling of the decedent's tangible personal property in the sum of $274,855 plus 9% interest from July 22, 1996, less certain amounts, is dismissed, without costs or disbursements, as that provision of the decree was superseded by the amended decree; and it is further,

Ordered that the cross appeal is dismissed as abandoned, without costs or disbursements; and it is further,

Ordered that the decree is modified, on the law, on the facts, and in the exercise of discretion, by deleting the provision thereof directing the petitioner to pay a surcharge in the amount of 9% interest on certain disallowed legal fees which the nonparty McCarthy Fingar LLP, was directed to repay to the estate or to the objectant and substituting therefor a provision imposing a surcharge in the amount of 6% interest on those disallowed legal fees; as so modified, the decree is affirmed insofar as reviewed, without costs or disbursements; and it is further,

Ordered that the amended decree is modified, on the law, on the facts, and in the exercise of discretion, by deleting the provision thereof directing the petitioner to pay the objectant a surcharge pertaining to the petitioner's handling of the decedent's tangible personal property in the sum of $274,855 plus 9% interest from July 22, 1996, less certain amended amounts, and substituting therefor a provision directing the petitioner to pay the objectant a surcharge pertaining to the petitioner's handling of the decedent's tangible personal property in the sum of

$129,679.50; as so modified, the amended decree is affirmed insofar as appealed from, without costs or disbursements.

"[A] nominated executor has the duty to preserve estate assets for the protection of those persons eventually entitled to receive them" (*Gaentner v Benkovich*, 18 AD3d 424, 426 [2005]; *see Matter of Skelly*, 284 AD2d 336 [2001]; *Matter of Yarm*, 119 AD2d 754 [1986]). Here, after a nonjury trial, the Surrogate's Court determined that the petitioner breached its duty to preserve the decedent's tangible personal property. In reviewing a determination made after a nonjury trial, this Court's authority is as broad as that of the trial court, and this Court may render the judgment it finds warranted by the facts, taking into account in a close case that the trial judge had the advantage of seeing and hearing the witnesses (*see Northern Westchester Professional Park Assoc. v Town of Bedford*, 60 NY2d 492, 499 [1983]; *Novair Mech. Corp. v Universal Mgt. & Contr. Corp.*, 81 AD3d 909, 909-910 [2011]). In exercising that power, we find no reason to disturb the Surrogate's finding that the petitioner breached its duty, thereby warranting the imposition of a surcharge. However, the amount of the surcharge imposed must have a reasonable basis in the record (*see Matter of Rothko*, 43 NY2d 305, 323 [1977]). While the Surrogate properly rejected the two appraisals pertaining to the separate estate of the decedent's husband and properly relied on a homeowners' insurance policy in calculating the value of the subject tangible personal property, the Surrogate improperly relied upon a figure in that policy for the total limit of insurance coverage rather than the more accurate figure for the total insured value of all scheduled items of personal property (*cf. Nichols v Hartford Fire Ins. Co.*, 61 AD2d 555, 557 [1978]; *Naiman v Niagara Fire Ins. Co.*, 285 App Div 706, 708-709 [1955]). Accordingly, the petitioner should have been directed to pay the objectant a surcharge pertaining to the petitioner's handling of the decedent's tangible personal property in the sum of $129,679.50.

Where a surcharge is imposed for a breach of fiduciary duty, it is a matter within the discretion of the trial court whether to award interest upon the surcharge, and at what rate (*see* CPLR 5001 [a]; 5004; *Matter of Janes*, 90 NY2d 41, 55 [1997]). While the highest rate of interest might be appropriate where the trustee's breach of duty is willful or characterized by bad faith (*see King v Talbot*, 40 NY 76, 95 [1869]; *Matter of Tannenbaum*, 30 Misc 2d 743, 754 [1961]), here, the record reflects that the petitioner's failure in its duty to secure the decedent's tangible personal property constituted an honest mistake. Accordingly, the Surrogate improvidently exercised its discretion in directing

the petitioner to pay 9% interest on the surcharge pertaining to the petitioner's handling of the decedent's tangible personal property, and we therefore set aside that award of interest.

The petitioner contends that the Surrogate also erred in directing it to pay 9% interest on certain distributions to which the objectant was entitled that the petitioner deposited into a "sub-account." As a general matter, legacies are payable seven months after issuance of letters testamentary unless otherwise directed by the testator or required by the circumstances of the estate, including the executor's need to retain sufficient funds to cover administrative costs and debts of the decedent (*see* EPTL 11-1.5 [a]; *Matter of Usdan*, 125 Misc 2d 494, 495 [1984]). Under certain circumstances, an executor may retain a disposition as a setoff for a debt owed by the beneficiary to the decedent or the estate (*see Matter of Voice*, 38 Misc 2d 779, 784 [1963], *affd* 19 AD2d 945 [1963]). In a proceeding to compel payment of a disposition or distributive share, "[t]he rate of interest to be paid on a pecuniary bequest is governed by EPTL 11-1.5" (*Matter of Abrams*, 100 AD3d 746, 748 [2012]). The court may fix interest on any disposition awarded at the rate of 6% (*see* EPTL 11-1.5 [d]), or, upon the court's additional finding that the fiduciary's "delay in payment was unreasonable" (EPTL 11-1.5 [e]), the court may fix interest at the annual rate of 9% set forth in CPLR 5004 (*see Matter of Abrams*, 100 AD3d at 748).

Here, there is nothing in the record establishing any ground for the petitioner's deposit of the subject funds into the sub-account. There is no evidence that the estate's assets were insufficient to cover administrative costs or debts of the decedent, nor was there evidence of any debt the objectant owed to the decedent or the estate at the time the petitioner made the deposits to the sub-account. Moreover, the record supports the Surrogate's finding that the petitioner unreasonably withheld the subject distributions from the objectant. Accordingly the Surrogate properly directed the petitioner to pay the objectant a surcharge of 9% interest on the subject distributions, and appropriately provided in the award for the deduction of any interest actually earned and paid to the objectant from the sub-account (*cf. Matter of Acker*, 128 AD2d 867, 867-868 [1987]).

Finally, the Surrogate's Court determined that the nonparty McCarthy Fingar LLP (hereinafter the law firm), failed to establish its entitlement to certain legal fees and directed the law firm to repay some of those fees to the estate and others to the objectant. The Surrogate found no misconduct or negligence on the part of the law firm with respect to its billing for the subject legal fees. Since, under these circumstances, the proper purpose

of an award of interest is to compensate the estate beneficiaries for any losses they may have suffered due to the overpayment (*see Matter of Gourary v Gourary*, 94 AD3d 672, 674 [2012]), the Surrogate improvidently exercised its discretion in directing the petitioner to pay a surcharge in the amount of 9% interest, and we reduce the surcharge to the amount of 6% interest.

The remaining contentions of the petitioner and the law firm are without merit. Angiolillo, J.P., Dickerson, Chambers and Lott, JJ., concur.