*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  May 26, 2016                    521687
_____

HERMAN W. PICARD III et al.,
                    Respondents,
        v                                    MEMORANDUM AND ORDER

JEANNE PICARD FISH,
                    Appellant,
                    et al.,
                    Defendants.
_____


Calendar Date:  February 19, 2016

Before:  Peters, P.J., Garry, Rose, Lynch and Clark, JJ.

_____


        Lippes Mathias Wexler Friedman LLP, Albany (Thomas D. Latin of counsel), for appellant.

        Farer & Schwartz, PC, Latham (Steven D. Farer of counsel), for respondents.

_____


Rose, J.

        Appeal from an order of the Supreme Court (Connolly, J.), entered June 16, 2015 in Albany County, which, among other things, partially denied defendant Jeanne Picard Fish's motion to dismiss the amended complaint against her.

        Plaintiffs and defendant Jeanne Picard Fish (hereinafter defendant) are siblings and the children of Alice Picard (hereinafter decedent).  In 1977, decedent executed a will directing that her real property located in Albany County be held in trust for the benefit of her children and naming defendant as executor of decedent's estate and trustee of the testamentary trust that was to contain the property.  In 1988, however,

decedent conveyed to defendant that same property by duly recorded quitclaim deed. Nine years later, in 1997, decedent died, leaving the 1977 will unamended. Subsequently, plaintiffs and defendant continued to work in a business that leased premises on the property. The business continued to use the property until "well after" decedent's death, and all parties were aware that the will was never admitted to probate. Despite this, plaintiffs allege it was not until 2013 that they learned that defendant had taken title to the property in 1988.

In 2014, plaintiffs commenced this action seeking rescission of the deed based on allegations that decedent either lacked capacity to execute it or did so as a result of defendant's undue influence and coercion. The complaint also sought rescission of the deed based upon fraud, as well as the imposition of a constructive trust. Defendant thereafter moved to dismiss the amended complaint, arguing, among other things, that plaintiffs' causes of action are time-barred. Ultimately, Supreme Court dismissed plaintiffs' claim for rescission based on fraud, but denied defendant's motion in all other respects on equitable estoppel grounds. Specifically, the court found that defendant met her initial burden of demonstrating that the action was commenced 26 years after the 1988 deed conveyance, long after the expiration of any arguably relevant limitations period, but that plaintiffs met their shifted burden of demonstrating that defendant should be equitably estopped from asserting a statute of limitations defense because she was alleged to be in a fiduciary relationship with them, which obligated her to inform them of the deed transfer. Defendant appeals.

The doctrine of equitable estoppel applies where a defendant's fraudulent or deceptive conduct induces a plaintiff to refrain from filing a timely action (see Zumpano v Quinn, 6 NY3d 666, 673-674 [2006], Simcuski v Saeli, 44 NY2d 442, 448-449 [1978]). Here, plaintiffs' only allegation that defendant dissuaded them from bringing a timely action by affirmatively misrepresenting her status as sole owner of the property is that, in 2010, plaintiff David Picard questioned defendant about a "For Sale" sign on a portion of the property. Defendant is alleged to have responded that she was attempting to sell it because "we don't use it and if we sell it the three of us . . . would be

able to . . . benefit financially."  Even assuming the truth of this allegation, the interaction occurred 22 years after defendant took title to the property, making it irrelevant to plaintiffs' failure to commence a timely action challenging the validity of the 1988 conveyance.

Supreme Court recognized that "concealment without actual misrepresentation may form the basis for invocation of the doctrine [of equitable estoppel] if 'there was a fiduciary relationship which gave [the] defendant an obligation to inform [the] plaintiff of facts underlying the claim'" (Doe v Holy See [State of Vatican City], 17 AD3d 793, 795 [2005], lv denied 6 NY3d 707 [2006], quoting Jordan v Ford Motor Co., 73 AD2d 422, 424 [1980]; accord Robare v Fortune Brands, Inc., 39 AD3d 1045, 1046 [2007], lv denied 9 NY3d 810 [2007]; see Zumpano v Quinn, 6 NY3d at 675).  Here, the court found that plaintiffs had sufficiently alleged that defendant owed them a fiduciary duty to disclose the conveyance when it occurred in 1988 because of her nomination as executor-trustee in the 1977 will, as well as their familial relationship.

We note, however, that the existence of a familial relationship does not equate to a fiduciary relationship for equitable estoppel purposes (see Scheuer v Scheuer, 308 NY 447, 452 [1955]; see also Rattner v York, 174 AD2d 718, 721 [1991]). Nor does the mere fact that a will has nominated an executor, in and of itself, create a fiduciary relationship between the nominee and the will's beneficiaries.  Indeed, because of the ambulatory nature of a will, a nominated executor is prohibited from acting in a fiduciary capacity until the testator dies (see EPTL 11-1.3; Gaentner v Benkovich, 18 AD3d 424, 426 [2005]; Matter of Yarm, 119 AD2d 754, 754 [1986]).  Similarly, "a testamentary trust cannot become effective prior to the testator's death" (27B Carmody-Wait 2d § 164:1; see EPTL 11-2.1 [c] [1]; Matter of Hennel, 133 AD3d 1120, 1121 [2015]; Gridley v Gates, 228 App Div 579, 583 [1930]), and the presumptive trustee of such a trust does not assume that role – and the fiduciary obligations that come with it – before that point in time (see SCPA 103 [49]).  Thus, the earliest point at which defendant would have assumed a fiduciary duty to plaintiffs that arguably required her to disclose the 1988 conveyance of the property was

when decedent died in 1997.

To the extent that statutory tolling provisions for individuals under a disability may have extended plaintiffs' claim that decedent lacked the capacity to execute the 1988 deed (see CPLR 208; 213 [1]),[1] we note that "equitable estoppel will not toll a limitations statute when parties possess 'timely knowledge' sufficient to place them 'under a duty to make inquiry and ascertain . . . all the relevant facts'" (Ramsay v Mary Imogene Bassett Hosp., 113 AD2d 149, 153 [1985], lvs dismissed 67 NY2d 608, 1028 [1986], quoting Augstein v Levey, 3 AD2d 595, 598 [1957], affd 4 NY2d 791 [1958]; see Rite Aid Corp. v Grass, 48 AD3d 363, 364-365 [2008]). Such is the case here, inasmuch as the 1988 deed was duly recorded, and the effect of that recording was to give plaintiffs and anyone else with an interest in the subject property constructive notice of that transfer (see Andy Assoc. v Bankers Trust Co., 49 NY2d 13, 20-24 [1979]; Puchalski v Wedemeyer, 185 AD2d 563, 565 [1992]; see also Real Property Law art 9). We also conclude that plaintiffs should have inquired about the ownership status of the property before commencing this action because of their undisputed awareness that decedent's will was never probated, that its terms never went into effect and that, even though their expected shared interest in the property never came to fruition, they continued to work in a business on the subject property for many years following decedent's death. This knowledge placed them under a duty to make inquiry (see Pulver v Dougherty, 58 AD3d 978, 980 [2009]; Davis v Smith Corp., 262 AD2d 752, 754 [1999]; Contento v Cortland Mem. Hosp., 237 AD2d 725, 726 [1997], lv denied 90 NY2d 802 [1997]). Again, had they done so, the recorded deed would have immediately given them actual knowledge of the property's owner.

Finally, we cannot agree with the dissent's attempt to base the application of equitable estoppel upon an alternate fiduciary relationship arising out of the parties' participation in a business on the property. Plaintiffs did not raise such an argument on appeal (see Johnson v First Student, Inc., 54 AD3d

---

[1] Plaintiffs do not argue on appeal that any particular tolling period applies to their surviving causes of action.

492, 493 [2008]), and neither the complaint nor the supporting affidavits describe the nature of the business or the parties' working relationship. Only decedent's will suggests that it was a partnership at the time that her will was drawn, but there is no allegation that such a relationship existed during the many years following her death. Thus, even if the sparse complaint and plaintiffs' affidavits are read liberally, a timely business fiduciary relationship sufficient to support equitable estoppel cannot reasonably be found here (see Lusins v Cohen, 49 AD3d 1015, 1018 [2008]; Doe v Holy See [State of Vatican City], 17 AD3d at 795-796; cf. Rafferty Sand & Gravel, LLC v Kalvaitis, 116 AD3d 1290, 1291 [2014]). Accordingly, we agree with defendant that Supreme Court erroneously applied the doctrine of equitable estoppel to her statute of limitations defense.

Peters, P.J., and Clark, J., concur.


Garry, J. (dissenting).

We respectfully dissent. Initially, we agree with the majority that no fiduciary relationship was established arising from either the familial relationship of defendant Jeanne Picard Fish (hereinafter defendant) with plaintiffs — her brothers — or by her nomination as executrix of their mother's will. Nonetheless, we would affirm, finding that plaintiffs have averred facts sufficient to support an alternate ground for potentially finding a fiduciary relationship, arising from the parties' operation of a family business located upon the subject real property.

Upon this motion, Supreme Court was required to "accept the facts as alleged in the complaint as true, accord plaintiff[s] the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Faison v Lewis, 25 NY3d 220, 224 [2015] [internal quotation marks, brackets and citation omitted]; see Zumpano v Quinn, 6 NY3d 666, 681 [2006]). "A fiduciary relationship arises between . . . persons when one of them is under a duty to act for or to give advice for the benefit of another upon matters within the scope of the relation. Put differently, a fiduciary relation

exists when confidence is reposed on one side and there is resulting superiority and influence on the other" (Roni LLC v Arfa, 18 NY3d 846, 848 [2011] [internal quotation marks, brackets and citations omitted]). As acknowledged by the majority, the doctrine of equitable estoppel may apply in circumstances where a plaintiff is prevented from commencing suit within the limitations period as a result of a fiduciary's concealment of facts giving rise to the claim (see Doe v Holy See [State of Vatican City], 17 AD3d 793, 795 [2005], lv denied 6 NY3d 707 [2006]; compare Rattner v York, 174 AD2d 718, 721 [1991]).

Here, viewing plaintiffs' amended complaint and the limited evidence in the record, it appears that the parties were collectively engaged in operating a family business upon the property as a partnership, and that defendant was responsible for handling the financial aspects of that business.[2] It is well settled that partners in business "are bound by a fiduciary duty requiring 'the punctilio of an honor the most sensitive'" (Graubard Mollen Dannett & Horowitz v Moskovitz, 86 NY2d 112, 118 [1995], quoting Meinhard v Salmon, 249 NY 458, 464 [1928]; see Morris v Crawford, 304 AD2d 1018, 1021 [2003]). The fiduciary duties owed between business partners are "inflexible" and "bar[] not only blatant self-dealing, but also requir[e] avoidance of situations in which a fiduciary's personal interest possibly conflicts with the interest of those owed a fiduciary duty" (Birnbaum v Birnbaum, 73 NY2d 461, 466 [1989] [internal quotation marks and citation omitted]). Plaintiffs allege that in the course of managing the financial aspects of the business — and thus acting in a position of superior knowledge and responsibility relative to the business affairs — defendant actively concealed the fact that the real property upon which their business was located had been conveyed to her. The operations of the business upon the property carried on as they always had (compare Marincovich v Dunes Hotels & Casinos, Inc., 41 AD3d 1006, 1007-1011 [2007]), while defendant allegedly led plaintiffs to believe that the property was still a part of their

_____

[2] The form of the family business remains unclear, but the will of the parties' mother states that the business is "operated by my three children as a partnership."

mother's estate.   Plaintiffs continued to expect that their interests would be distributed at the time that the property was ultimately sold and the will probated.   In 2010, upon observing a "for sale" sign upon a separate portion of the property, one of the plaintiffs questioned defendant about it and was allegedly advised, in substance, that the sale would benefit all three parties.   The conveyance to defendant was not ultimately discovered until 2013 – a full 25 years following the conveyance – when, in the course of an argument with one of the plaintiffs, defendant revealed to him that he did not, in fact, own any part of the property.   Having been thus alerted to investigate, plaintiffs then discovered the deed and commenced suit shortly thereafter.

The pertinent facts have been poorly developed, in part due to the early stage of this litigation.   However, if ultimately proven, defendant's position of responsibility within the family business may be sufficient to establish the existence of a fiduciary duty owed to plaintiffs, including the duty to inform them of any conveyance effecting their interests.   Thus, viewing the allegations in the light most favorable to plaintiffs, we find no error in Supreme Court's application of the doctrine of equitable estoppel, and would affirm (see Local No. 4, Intl. Assn. of Heat & Frost & Asbestos Workers v Buffalo Wholesale Supply Co., Inc., 49 AD3d 1276, 1278 [2008]; see also Niagara Mohawk Power Corp. v Freed, 288 AD2d 818, 820 [2001]).

Lynch, J., concurs.


ORDERED that the order is modified, on the law, with costs to defendant Jeanne Picard Fish, by reversing so much thereof as denied said defendant's motion to dismiss the amended complaint; motion granted in its entirety and amended complaint dismissed; and, as so modified, affirmed.


ENTER:

Robert D. Mayberger
Clerk of the Court